CALVIN C. WILSON, RESPONDENT, *v.* WILLIAM HULL, AND ANOTHER, APPELLANTS.

HIGHWAYS.—DEDICATION.—ACCEPTANCE.—In this Territory, there being no statute requiring any formal acceptance by officers or agents in charge of public roads of land dedicated by owners for highways, the court is not prepared to say that an acceptance may not be inferred under some circumstances from the action and use of the public generally, without any action of the body charged with the repair of public roads.

ID.—ID.—ACCEPTANCE AND USER.—Where there was evidence that in 1869 the road in dispute was laid out by the Territorial surveyor four rods in width upon the line between two sections, and that from time to time fences were erected along it a great portion of its length, that the public traveled a portion of the road all the time and the other portion a part of the time, and some of the residents upon or near it, with the expressed consent of the road supervisor, paid their road taxes in making improvements; *held* that a finding that the road was a highway would not be disturbed.

ID.—DESCRIPTION.—DECREE.—A decree restraining the obstruction of a road which describes the road as being on the line between the two sections mentioned, must be assumed as describing it as it was actually found to exist on the section line, whether the line be in the center of the road or on the side, and is not such an uncertainty as renders the decree void.

APPEAL from a judgment of the district court of the first district and from an order overruling a motion for a new trial. The opinion states the facts.

*Messrs. Richards and Rolapp,* and *Messrs. Evans and Rogers,* for the appellants.

*Mr. A. R. Heywood,* for the respondent.

ZANE, C. J.:

The plaintiff obtained a decree in the district court perpetually enjoining the defendants from obstructing or closing an alleged highway on the line between sections 7 and 8, in township 5 N., of range 2 W., of the Salt Lake meridian, in Weber county. From that order the defendants appealed, and they now assign the action of the court in making it as error.

The court found from the evidence the existence of the road described in the complaint. The appellants contend that the evidence was not sufficient to warrant the finding, while the respondent affirms that the evidence was sufficient. The first question is, does the weight of the evidence establish that the owners of the soil in dispute dedicated it to the use of the public as a highway? Upon the subject of the dedication of land to the use of the public for highways, and the evidence by which such dedication may be established, Angell, in his work on Highways, (section 142,) says:

"No particular formality is required. It is not affected by the statute of frauds. It may be made either with or without writing, by an act of the owner, such as throwing open his land to the public travel, or platting it, and selling lots bounded by streets designated in the plat, thereby indicating a clear intention to dedicate; or an acquiescence in the use of his land for a highway, or his declared assent to such use, will be sufficient, the dedication being proved in most, if not all, cases by matter *in pais,* and not by deed. The vital principle of dedication is the intention to dedicate, the *animus dedicandi,* and, whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made. Time, therefore, though often a very material

ingredient in the evidence, is not an indispensable ingredient in the act of dedication. It is not like a grant presumed from length of time. If the act of dedication be unequivocal, it may take place immediately; for instance, if a man builds a double row of houses opening into an ancient street, at each end making a street, and sells or ʃets the houses, that is instantly a highway. If accepted and used by the public in the manner intended, the dedication is complete, precluding the owner and all claiming in his right from asserting any ownership inconsistent with such use. Dedication, therefore, is a conclusion of fact to be drawn by the jury from the circumstances of each particular case, the sole question as against the owner of the soil being whether there is sufficient evidence of an intention on his part to dedicate the land to the public as a highway."

The intention of the owner of the land to dedicate may be inferred from his acquiescence in its continual use as a road by the public. In order to constitute acquiescence in a legal sense, the owner must know that the public is using his land as a road. There must be an act of the mind, a knowledge that the public is using the land as a highway, and a purpose on the part of the owner not to object. A knowledge of the use for such a purpose, without objection by word or act, may authorize the inference that the owner consents to the appropriation. But if the land of which that covered by the road is a part is uninclosed, and not appropriated to any special use by the owner, the fact that the public travels over it occasionally, as the custom may be to cross vacant and unoccupied lands without objection from the owner, does not authorize any inference of an intention to dedicate. Under such circumstances the mere failure to manifest an objection does not authorize an inference that the mind of the owner consents. The inference in

that case is that the proprietor did not understand that the land was being appropriated for the permanent use of the public as a highway. The value of the failure to manifest any objection depends upon the circumstances attending such acquiescence. Touching the acceptance by the public of land dedicated by the owner to public use, the same author says (section 157):

"It has been said that dedication to be effectual must. be accepted, and this acceptance may be either of a part or of the whole of the land appropriated. Such acceptance may undoubtedly be made by a formal act of the body charged with repairing the highway, or by any act on its part sufficiently implying its acceptance; but whether such acceptance may be made by the public generally, as evidenced by a mere use of the way, is a question upon which the decisions have not yet been entirely uniform."

And after referring to the fact that some American courts of high authority, influenced by local statutes, incline against the view that a highway may be established independently of the action of the body charged with its repair, and after commenting on some of those authorities, the same author further says, in section 161: "But in other States the courts, without having expressly decided in any case in which the point has been controverted that an acceptance by mere public use is sufficient, have, nevertheless, specified user as one of the modes in which an acceptance might be indicated." And in section 162 the author further says: "But, even where an acceptance on the part of the town is deemed necessary, this need not be by any formal proceeding, unless required by some statute, but may be implied from its acts recognizing the road as a public highway."

In England it appears to have been settled that acceptance may be inferred from the use of the land by the

public for the purpose of a highway, without the action of the body charged with its repair; that the acceptance may be by the public generally, as evidenced by a mere use of the way. In this Territory there is no statute requiring any formal acceptance by officers or agents in charge of public roads of land dedicated by the owners for highways, and we are not prepared to say that the acceptance may not be inferred under some circumstances from the action and use of the public generally, without any action of the body charged with the repair of public roads.

It is apparent from the record that it contains a very imperfect statement of the testimony before the trial court. Several of the witnesses, in giving their testimony, referred to a diagram intended to represent the roads mentioned in the pleadings and their relative locations. This diagram not being found in the record renders such testimony worthless. There is, however, enough evidence in the record to show that in 1869 Jesse W. Fox, territorial surveyor, at the instance of the Hooper Irrigation Company, made a survey of the town of Hooper and surrounding lands; that he laid out this road in dispute as well as several others; that a portion of the one in dispute, all the time, and the other portion for part of the time, continued to be traveled by the public to 1886, when it was closed by one of the defendants; that there were two or three sloughs in it that at rainy times were impassable; and that it was laid out four rods in width and was upon the line between the sections mentioned in the complaint; and that from time to time fences were erected on its sides, a great portion of its length. The evidence also shows that some of the residents upon or near it, with the expressed consent of the road supervisor, paid their road taxes by making improvements upon it. There is evidence to support the find-

ing of the court to which objection is made; and there is evidence to the contrary; it is conflicting. The court below, from a more complete presentation of the evidence than is made to us, found the existence of the road as claimed by the respondent. When there is evidence in the record to support the finding of the trial court, the court of review will not reverse when there is a reasonable doubt as to the side on which the evidence preponderates. Such preponderance must be palpably and clearly against the finding before a reversal will be made in such case.

The defendants further contend that the decree appealed from is erroneous because the description of the road contained in it is imperfect and uncertain. The road is described as being on the line between the two sections named and as extending its entire length. In describing the road in the light of the evidence, we must assume that the court referred to it as it was actually found to exist on the section line. That line may have been in the center of the road or to one side of it, and yet in the road, and in either case the road would be upon the line between the two sections, as alleged in the complaint. Such uncertainties do not render decrees void or erroneous. We find no error in the record sufficient to require a reversal. The decree of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.