JAMES H. BACON ET AL., APPELLANTS, v. JOSEPH THORNTON ET AL., RESPONDENTS.

APPEAL—IMPROVEMENTS ON REAL ESTATE—LIABILITY OF OWNER FOR—FINDINGS OF FACT—PROOF—ADMINISTRATORS AND, HEIRS —LIABILITIES OF.

1. Appeal.

An appeal from an order denying a motion for a new trial is ineffectual, in this state, except that the matters contained in the statement may be considered by the appellate court in the appeal from the judgment.

2. Real Estate—Improvement on—Liability of Owner for.

Where the rightful owner of real property seeks relief from one who is bona fide in possession under color of title, and who has made valuable, lasting, and beneficial improvements, which enhance the value of the estate, such owner must do equity, by compensating the occupant to the extent of the benefits which accrue to the owner by reason of such improvements; but he is not liable for work performed, or for some-

thing done, which does not benefit the property, or enhance its value.

3. *Findings of Fact—Proof.*

Where there is no proof to show the existence of a fact found, the finding is nugatory, and the judgment which it is to support is subject to attack and avoidance.

4. *Same—Appeal—Time of.*

When, in a cause in' equity, the record shows that an appeal was taken within 60 days after the filing of the decree, the appellate court has power to go behind the findings of fact and judgment, and consider the evidence, for the purpose of determining the case.

5. *Administrator—Liability of.*

In the absence of proof showing personal liability no personal judgment can be rendered against an administrator for the debts of the deceased.

6 *Debts of Ancestor—Liability of Heirs for.*

The heirs are not bound to pay the debts or discharge the obligations of the ancestor unless they have received property from the estate, and, if they have received assets, they are responsible for such debts and obligations only to the extent of their inheritance.

7 *Same—Burden of Proof.*

If a party seeks satisfaction for debts or obligations of the ancestor, from the heirs, the burden is upon him to show that they inherited assets from the ancestor's estate.

(No. 853.   Decided Nov. 5, 1897.)

Appeal from the Third district court, Salt Lake county. A. G. Norrell, *Judge.*

Action by James H. Bacon, as administrator of the estate of William F. Aulls, deceased, and others, against Joseph Thornton and others.  From a judgment for defendant Thornton, plaintiffs appeal.  *Reversed.*

*Toomey & Toomey,* for appellants:

Cited on the valuation of improvements:   *Van Bibber* v.

*Williamson,* 37 Fed. 759; *Burwell* v. *Sollock* (Tex.), 32 S.
W. 846; *Dickel* v. *Smith* (W. Va.), 24 S. E. 564-6; *McMur-
ray* v. *Day,* 70 Iowa 671; *Fletcher* v. *Brown* (Neb ), 53 N.
W. 589; *Carter* v. *Brown* (Neb.), 53 N. W. 582; *Thomas* v.
*Quarles,* 64 Tex. 491; *Wasatch Min. Co.* v. *Jennings* (Utah),
46 Pac. 1106.

*Chas. J. Pence* and *Jas. F. Smith,* for respondents:

The plaintiff under the circumstances of this case must
pay full value for labor done in good faith. *Wille* v.
*Brooks,* 45 Miss. 543-548 and many cases cited;
*Putnam* v. *Ritchie,* 6 Paige 39; *Evansville* v. *Pfisterer,* 34
Ind. 36; *Neesom* v. *Clarkson,* 4 Hare 97; quoted also in
*Thomas* v. *Evans,* 105 N. Y. 614; *Robinson* v. *Ridley,* 6
Madd. 2; *Atty. Genrl.* v. *Baloil College,* 9 Mod. 407, 411;
*Bright* v. *Boyd,* 1 Story 478; 2 Story 605; *Rathburn* v.
*Colton,* 15 Pick. 471; *Miner* v. *Beekman,* 50 N. Y. 337;
*Smith* v. *Drake,* 23 N. J. Eq. 302; *McLaughlin* v. *Barnum,*
31 Md. 425; *Sale* v. *Crutchfield,* 8 Bush. 636.

BARTCH, J.:

This action was brought by the administrator and heirs
of William F. Aulls, deceased, to determine the adverse
claims of the defendants in and to an undivided two-
thirds interest of the I X L lode and mine, and for an
accounting of the defendant Thornton for the amount of
mineral ores which it is claimed he took from the mine,
and converted to his own use. In the answer all the
material allegations of the complaint are substantially
denied, and by way of cross complaint a claim for im-
provements is set up by Thornton. At the trial the court,
among other things, decided that the plaintiffs were the
owners of the undivided two-thirds interest in the mine
formerly owned by the deceased, but entered judgment

in favor of the defendant Thornton for improvements in the sum of $1,620, with interest. Thereafter the plaintiffs prosecuted an appeal from an order allowing a motion for a new trial, and from so much of the decree and judgment as relates to the allowance for the improvements.

According to the former rulings of this court, the appeal from the order denying the motion for a new trial is ineffectual, except that the matters contained in the statement may be considered by this court in the appeal from the judgment. The portion of the decree and judgment appealed from reads as follows: "That judgment be, and the same is hereby, given and entered in favor of the said Joseph Thornton and against the said plaintiffs for the sum of sixteen hundred and twenty ($1,620), with interest thereon at eight per cent. per annum from date until paid; that the said judgment in favor of said Joseph Thornton against said plaintiffs for the sum of $1,620 and interest be, and the same is hereby, declared to be a first and prior lien upon the said undivided two-thirds interest so owned by plaintiffs in said mining claim; and that said lien shall continue until said judgment shall be fully paid or satisfied." It is insisted for the appellants that there is no evidence to support such a judgment. Upon examination of the record, it must be conceded that this position is substantially correct, for it is difficult to see upon what evidence the court based this portion of the decree, as well as the finding to the effect that the reasonable value of the improvements was $1,620; and counsel for the respondents fail to throw light on this point. It is true, there is testimony tending to show that work was done on the property by Thornton from 1890 to 1895, the period of time in question, consisting of a tunnel of about 100 feet, a winze of 55 or 60 feet, a drift of about 130 feet, and a rise of 30 feet; but there

appears to be nothing to show whether any, or all, or what portion, of this work improved or enhanced the value of the mine. It certainly cannot be seriously contended that the plaintiffs are liable for something done which does not benefit the property, and it is quite probable that work may be performed in a mine which damages, rather than benefits, it. In the absence of proof that certain work performed was a benefit to, and enhanced the value of, the mine, how can the court say that such was the case, and render judgment therefor? Declaring such to be the fact in a finding does not make it so. The proof must show the existence of the fact, or the finding will be nugatory, and the judgment which it is to support subject to attack and avoidance. Because a tunnel was driven, a winze sunk, a drift cut, and a rise made, it does not follow as a necessary sequence that they represent such substantial improvements as, *ex æquo et bono*, should measure the owner's liability for damages. The burden was upon the defendants to show that what work was performed improved the property, and conferred a benefit upon the owners. The court had no power to infer that such was the case, without proof. Nor, if it be conceded that some improvements were made, does the evidence show their value, or to what extent the mine was enhanced in value, or that the improvements made are equal in value to the amount allowed the defendants by the decree. The cost of some of the material used, and of ordinary labor *per diem*, is given, but not of the improvements made; and, even if the whole cost were shown, that would not determine the value, because the cost of an improvement may be, and frequently is, greater than its value or benefit to the property; and to charge the true owner with the cost of improvements which exceed the enhancement in value, or with such as

do not increase the value of the property, would be inequitable and unjust. The law, doubtless, is that where the rightful owner of real property seeks relief against one who is *bona fide* in possession under color of title, and who has made valuable, lasting, and beneficial improvements, which enhance the value of the estate, such owner must do equity, by compensating the occupant to the extent of the benefits which accrue to the owner by reason of such improvements. Beyond this he is not liable. In Story, Eq. Jur. § 799a, the eminent author says: " If a plaintiff in equity seeks the aid of the court to enforce his title against an innocent person, who has made improvements on lands, supposing himself to be the absolute owner, that aid will be given to him only upon the terms that he shall make due compensation to such innocent person, to the extent of the benefits which will be received from those improvements." In *Conlan* v. *Sullivan,* 110 Cal. 624, it was said:  "The court made a finding to the effect that defendants had expended $282 upon the property, but made no finding as to the increased value of the property by reason of this expenditure of money. The mere expenditure of money upon the property by defendants is not sufficient to justify a reimbursement of the amount expended. Perchance, such expenditure did not add a dollar to the actual value of the realty. In addition, there is no allegation that such expenditures had increased to any degree the value of the realty." So, in *Fisher* v. *Edington,* 85 Tenn. 23, speaking of certain witnesses and their testimony, it was observed: "Some of them testified with reference to the value of the improvements themselves, and not with respect to the enhancement of the value of the land by reason of the improvements. The evidence of this latter class of witnesses does not reflect any light upon the point under

investigation, and should therefore have been entirely disregarded by the master and the chancellor." Sedg. Dam. § 917; Suth. Dam. 349, 350; *Mining Co.* v. *Jennings,* 14 Utah 221; *Van Bibber* v. *Williamson,* 37 Fed. 756; *Bourn* v. *Odam* (Ky.), 32 S. W. 398; *Fletcher* v. *Browne,* 35 Neb. 660; *McMurray* v. *Day,* 70 Iowa 671.

We conclude that the decree of the trial court, under the evidence appearing in the record, in so far as it awards the defendant Thornton compensation for improvements, and makes the sum awarded a lien on the mine, is erroneous and without effect. The position of counsel for the respondent, that the appeal was not taken within 60 days from the time of judgment, and that, therefore, this court cannot go behind the findings and judgment and consider the evidence, is without foundation in fact. The record shows that the decree was filed June 29, 1897, and that the appeal was taken July 28th following.

It is also insisted for the appellants that the court erred in rendering a personal judgment against the plaintiffs, and we are of the opinion that this point is well taken. That the administrator is not personally liable, under any circumstances indicated by the record, is too clear for argument; and there is no evidence to show that the heirs of the deceased received any assets from the estate, except the interest in the mine in question. The heirs are not bound to pay the debts or discharge the obligations of the ancestor unless they have received property from his estate. If they have received assets from the estate, then they are responsible to the extent of their inherit-ance, but beyond that they are liable neither in law nor in equity. If, then, a party seeks satisfaction for debts or obligations of the ancestor from the heirs, the burden is upon him to show that they inherited assets from the

ancestor's estate.    *Cartright* v. *Stanford*, 81 Ill. 240; *Byrd* v. *Belding*, 18 Ark. 118; *Schmidtke* v. *Miller*, 71 Tex. 103; *Forman* v. *Stickney*, 77 Ill. 575; *Walker* v. *Deaver*, 79 Mo. 664.

The sufficiency of some of the allegations in the cross complaint has also been drawn in question, but as .the cause must be reversed, and as leave may be given to amend, a discussion of this point is not deemed necessary. Nor is it important to discuss any other question raised in the record.    The portion of the decree and judgment appealed from is reversed, and the cause is remanded, with directions to the court below to grant a new trial respecting the improvements, and permit the parties to amend their pleadings if they desire to do so.

ZANE, C. J., and ROLAPP, District Judge, concur.