ISAAC N. WHITTAKER, APPELLANT, *v.* WILLIAM FERGUSON, RESPONDENT.

### APPEAL—EVIDENCE—EXAMINATION OF.

1. Under section 9, art. 8, Const., the supreme court, in cases at law tried before a court without a jury, will examine the evidence only so far as may be necessary to determine questions of law, and will not pass upon the sufficiency of the evidence to justify a finding or judgment, unless there is no legitimate proof to support it. In no case at law, whether tried with or without a jury, can the appellate court determine questions of fact.

2. *Highway—Construction of—Fence Upon—Nuisance.*
   Fences constructed across a highway by the owner of the land, to prohibit public travel thereon, constitute a nuisance, which the road supervisor has the right to abate.

3. *Land—Appropriation of—Public Use—Acquiescence of Owner—Dedication—Presumption.*

Where the public assume to appropriate land for public use, and the owner interposes no objection, but acquiesces in its continual use by the public for such a length of time that the public convenience and accommodation might be materially affected by an interruption of the enjoyment, an intention to dedicate will be presumed.

(No. 847.   Decided Jan. 19, 1898.)

Appeal from the Fourth district court, Utah county. W. N. Dusenberry, *Judge.*

Action by Isaac N. Whittaker against William Ferguson to recover damages for removal of a fence. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. W. N. Whitecotton*, for appellant.

On the question of prescription the following cases are cited: Elliot on Roads and Streets, p. 137; *Quinn* v. *Anderson*, 11 Pac. 746; *Shellhouse* v. *State*, 11 N. E. 484; *Smith* v. *Smith*, 8 Pac. 385; *Harding* v. *Jasper*, 14 Cal. 651; *Graham* v. *Hartnell*, 7 N. W. 280; *State* v. *Horn*, 12 Pac. 148.

*S. A. King and A. D. Gash*, for respondent.

BARTCH, J.:

This action was brought to recover damages from the defendant, who was road supervisor of a certain district in Utah county, for removing fences which the plaintiff had erected across a road; the defendant claiming that the road was a public highway. The cause was tried by the court without a jury, and decided in favor of the defendant.

The decisive question on this appeal is whether the road in dispute is a public highway. Counsel for the appellant,

*inter alia,* insists that it was never dedicated as such to public use. The court, among other things, found that from the year 1884 down to 1895, the time when the acts complained of were committed, the plaintiff's land, on which the road is located, "was used, occupied, abandoned, and dedicated to the public use and convenience"; that the owner of the land acquiesced in the use of the land as a highway during all of that time; and that the plaintiff herein, and his grantors and predecessors in interest, at all times and all occasions, acquiesced in and agreed to the use of said roadway, as it now exists, and as it has existed since 1862. It is urged for the appellant that the evidence is insufficient to justify these findings. This, however, is a question of fact in a case at law, and therefore we have no power to consider the justness of the findings. The only province of this court in such a case is to ascertain whether there is any legitimate proof which supports them, and, if there is, then we are conclusively bound by them, regardless of whether or not the findings are supported by a preponderance of the testimony, or whether, in our judgment, on all the evidence, they are justified. It is only when there is no competent evidence in a law case to warrant a finding of fact which materially affects the rights of a litigant that this court will interfere, and hold the finding nugatory and void. In such event, the question as to the proof to sustain the finding becomes one of law, and falls within the jurisdiction of the appellate court. Likewise, where a case at law, in this state, is tried before a jury, the appellate court is powerless to disturb the verdict on the ground of the insufficiency of the evidence, if there is any legitimate proof to support it, because in no case, whether tried by the court with or without a jury, can we determine questions of fact. This is so by virtue of the constitution, which provides in section

9, art. 8, as follows: "In equity cases the appeal may be on questions of both law and fact; in cases at law the appeal shall be on questions of law alone." Under this provision, it will be observed, an appeal may be taken in equity cases on questions of fact as well as of law. The appellate court, therefore, by necessary intendment and implication, has the same jurisdiction and power in equity cases to determine questions of fact as of law, and may go behind the findings and decree of the trial court, consider all the evidence, decide on which side the preponderance thereof is, ascertain whether or not the proof justifies the findings and decree, and enter or direct such findings and decree to be entered as the evidence, in the judgment of the appellate tribunal, may justify. The constitutional provision, however, confers no such jurisdiction and power upon the appellate court in cases at law, for in such cases the appeal is expressly limited to "questions of law alone," and hence the jurisdiction and power in law cases are limited to the determination of questions of law. We can, therefore, in cases at law, examine the evidence only so far as may be necessary to determine questions of law, and have nothing to do with the sufficiency of the evidence to justify a finding or judgment, unless there is no proof to support it. *Mangum* v. *Mining Co.*, 15 Utah 534; *Nelson* v. *Railroad Co.*, 15 Utah 325; *Anderson* v. *Mining Co.*, Id. 126; *Bacon* v. *Thornton*, 16 Utah 138.

In the case at bar the evidence shows that the road in dispute was used and traveled by the public continuously since 1862, and without interruption until 1895, when the plaintiff erected the fence across it, of the removal of which he complains; that the patent from the United States to the land in question was issued in June, 1883; that the road was surveyed by order of the county court, and by that body declared to be a county road, in July, 1883, with-

out opposition from the then owner of the land, although he was living thereon, and continued to reside thereon for a period exceeding 9 years after the road had been surveyed and declared a highway, during all of which time the highway was used by the public without objection from the owner, so far as shown by the record; that in 1893 the lessee built a fence on each side of the road through plaintiff's land, leaving the highway three rods wide, and the plaintiff, who about that time became the owner of the land, permitted the road so fenced to remain open to the public for about 2 years, or until 1895, before making any objection to its use as a public highway, although his house was situated within a few rods of it; and that in June, 1895, and before he attempted to compel a discontinuance of the use of the road by the public, by erecting fences across it, the plaintiff, in a communication to the county court of Utah county, where the road is located, expressly referred to it as "a county road," and recognized it as a "public highway." Without considering the evidence further in detail, it is apparent that the findings under consideration are supported by competent proof, and must be held valid.

Both the findings and proof show that the respective owners of the soil, for more than 11 years after the issuance of the patent from the United States and the declaring of the road to be a public highway by the county court, acquiesced in the use of the land as such highway. The road was surveyed, laid out, and declared a public highway under the act of 1880, which was then in force, and the owner of the land, offering no objections thereto, but, according to the findings of the court, by which we are bound, acquiescing and agreeing to its use as a public roadway during all of those years, cannot now be permitted to question the right of the public to the use of the

highway. The construction of the fences across it to prohibit public travel upon it constituted a nuisance, which the road supervisor had a right to abate.

While, in all cases of dedication of land to public use, the intention of the owner to dedicate and public user are necessary ingredients, still no particular ceremony in the dedication is necessary. If the intention and user appear, it is sufficient; but the fact that the public occasionally travel over vacant and unoccupied land, not appropriated to any particular use, without objection from the owner, though he may be aware of such use by the public, will not justify or authorize the inference of intention to dedicate. Where, however, as in the case at bar, the public assume to appropriate land for public use, and the owner interposes no objection, but acquiesces in its continual use by the public for such a length of time that the public convenience and accommodation might be materially affected by an interruption of the enjoyment, an intention to dedicate will be presumed. *Wilson* v. *Hull*, 7 Utah 90; *City of Cincinnati* v. *White's Lessee*, 6 Pet. 431.

We do not deem it necessary to the decision of this case to consider any of the questions respecting eminent domain or prescription raised in the briefs, or any other questions presented. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.