## LYMAN et al. v. TOWN OF PRICE.

No. 4016.   Decided January 8, 1924.   (222 Pac. 599.)

1. APPEAL AND ERROR—APPELLATE COURT BOUND BY FINDING OF FACT
   OF TRIAL COURT.   The appellate court is bound by a finding of
   fact of the trial court, though it may disagree as to the result
   where reached on conflicting evidence.[1]

2. APPEAL AND ERROR—FINDING THAT PLAINTIFFS HAD NOT PER-
   FORMED SERVICES REQUIRED BY CONTRACT SUSTAINED.   In an ac-
   tion for services as consulting engineers in constructing a pipe
   line, whether plaintiffs' had performed the services required
   by their contract was a question of fact, and, where reasonable
   and fair-minded men would probably differ, a finding against
   plaintiff was not unsupported by evidence.

3. APPEAL AND ERROR—PLAINTIFFS CANNOT COMPLAIN OF JUDGMENT
   IN THEIR FAVOR, THOUGH INCONSISTENT WITH FINDINGS AGAINST
   THEM.   In an action on a contract for services, a judgment for
   plaintiffs for a part of the sum claimed, though inconsistent
   with the findings that they had not performed their contract
   and arrived at from an erroneous construction of the contract,
   was not a matter of which they could complain.[1]

Appeal from District Court, Fourth District, Utah Coun-
ty; *Elias Hansen,* Judge.

Action by Richard R. Lyman and M. F. Pack against the
Town of Price, a municipal corporation.   Judgment for de-
fendant, and plaintiffs appeal.

AFFIRMED.

*P. C. Evans* and *Wm. H. Folland,* both of Salt Lake City,
for appellants.

*George Christensen* and *L. A. McGee,* both of Price, for
respondent.

CHERRY, J.

---

[1] *Whittaker* v. *Ferguson,* 16 Utah, 240, 51 Pac. 980.

This is an action at law by the plaintiffs against defendant to recover the contract price for professional services of plaintiffs as consulting engineers performed in connection with the construction by defendant of a pipe line for its municipal waterworks. The complaint alleged the execution of a written contract, the full performance of the services by plaintiffs, that a payment of $850 had been made on account, and prayed judgment for $3,550, the remainder due, according to the contract.

The answer admitted the contract, but denied generally that the plaintiffs had performed the services described in the contract and pleaded particulars wherein the plaintiffs had failed, neglected, and refused to perform the services required, and alleged that before the completion of the work the agreement with plaintiffs, with their acquiescence, had been rescinded.

The case was tried before the court upon the issues thus made by the pleadings. After hearing the evidence the court made findings to the general effect that the plaintiffs had not performed the services as required by the contract, and awarded them judgment for $150 only.

The plaintiffs have appealed from the judgment. The assignments of error, in substance, amount to no more than that the finding of fact of plaintiffs nonperformance of the contract was not supported by the evidence.

The improvement, to which the services related, consisted of a pipe line over 20 miles long, traversing a rough, narrow canyon. On account of numerous river crossings, hills, and other barriers, the location and construction of the line presented difficulties.

The obligation of the plaintiffs, under the contract, was more than that of acting as mere consultants. They undertook particularly—

"To make personal studies in the field of the conditions to be met and overcome; to become familiar with all the needs and requirements of the first party relative to said project; to give definite instructions to field engineers relative to the things which must be done and the method which must be used in the execution of the work, both in connection with the field work and the actual

design thereof; and further * * * take general supervision of all the work, and, in fact, to have full and complete control thereof, at all times, as consulting engineers, * * * and make necessary trips on request."

It was with respect to the performance of these particular services that the parties were in dispute.

The plaintiffs' testimony tended to show a substantial performance of the contract on their part of the preliminary work, and up to the time they were discharged by the defendant, after which they were not called upon for further services. But the defendant in support of its denial produced evidence from its standpoint tending to show that the plaintiffs' "studies in the field and of the conditions to be met" were partial and superficial, and that they did not "become familiar with all the requirements and needs of the first party relative to said project"; that they did not take charge of the work and gave no instructions to the field engineers, and failed and refused, when requested, to be present and render professional assistance, when the contract for the construction was awarded. The communications, conversations, and relations between the parties, and the services actually rendered by plaintiffs, were shown. Defendant's agents and officers, made frequent complaints and expressed dissatisfaction with plaintiffs' services during the preliminary stage of the work, which culminated in the express discharge of plaintiffs on July 3, 1919, the date the contract was let for the construction of the pipe line. Thereafter the communications of the parties related only to an adjustment and agreement of the amount of compensation to be paid plaintiffs, upon which they failed to agree.

The plaintiffs' attorneys have made a very able and forceful argument in this court in support of the claim that the evidence fairly shows that plaintiffs substantially performed their contract. But this court cannot weigh evidence or review findings of fact as such. Even though we may disagree with the trial court as to the result reached on conflicting evidence, we are bound by his findings.

The rule is laid down in *Whittaker* v. *Ferguson*, 16 Utah, 240, 51 Pac. 980, as follows:

"Under section 9, art. 8, Const. [Utah], the Supreme Court, in cases at law tried before a court without a jury, will examine the evidence only so far as may be necessary to determine questions of law, and will not pass upon the sufficiency of the evidence to justify a finding or judgment, unless there is no legitimate proof to support it. In no case at law, whether tried with or without a jury, can the appellate court determine questions of fact."

This rule has been reiterated and applied in subsequent cases too numerous to mention.

In the instant case, in view of the nature of the improvement being constructed, and the particular provisions of the contract for the plaintiffs' services in connection therewith, it is not an easy matter, under the circumstances to determine whether the plaintiffs fairly performed the services as contemplated by the contract. That question cannot be settled by any specific formula or rule. Its answer is a conclusion from all of the facts and circumstances of the case. Reasonable and fair-minded men would probably differ in their conclusions from the evidence. But it is essentially a question of fact and not of law. The matter was submitted to the trial court and decided by him adversely to plaintiffs. It cannot be said that there is no substantial evidence to support the finding.

The finding by the court that the plaintiffs did not fully perform the contract, which must be sustained is decisive of this appeal. The rendition of a judgment for $150 in favor of plaintiffs, even though it may be inconsistent with the findings, and arrived at from an erroneous construction of the contract, is not a matter of which the plaintiffs may complain. The finding of fact that they had not performed their contract was fatal to their recovery under the contract.

The judgment is affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.