326 P.2d 107

**Joseph Lavern BOYER, Plaintiff and Appellant,**

v.

**Clifford CLARK, Defendant and Respondent.**

No. 8681.

Supreme Court of Utah.

May 23, 1958.

Boyden, Tibbals, Staten & Croft, Salt Lake City, for appellant.

Fowler & Matheson, Salt Lake City, for respondent.

WADE, Justice.

This action was commenced by Joseph Lavern Boyer to have Middle Canyon Road declared a public highway, to restrain respondent, Clifford Clark, from interfering with travel by the public and for damages. This appeal is from a judgment adverse to appellant.

The road in question is a wagon trail which runs in a northerly direction up Middle Canyon and over a ridge into Grass Creek from State Highway 133, which goes easterly up Chalk Creek Canyon from Coalville to Upton, Utah and beyond. The junction of this wagon trail with State Highway No. 133 is in Section 33 on respondent's property over which it traverses from 750 to 1500 feet to the north half of Section 33 and from there over the north half of that section on land owned by one Erconbrack into Section 28 belonging to appellant. It also continues to the north across Section 21 before Grass Creek is reached. It was a part of the public domain until title passed from the Government to the Union Pacific Railroad Company to which patent issued in 1902.

The undisputed testimony of James H. Judd who was about 84 years old at the time of the trial in 1956 was that his home had been in Upton when he was 8 or 10 years old when he first became acquainted with Middle Canyon Road while helping his father haul coal from mines in Grass Creek. He also testified that he had used the road for over 50 years when hauling coal, crossing the open range, driving cattle, sheep and courting the girl he later married in Grass Creek. He further testified that anyone who wanted to, used the road to haul coal, drive sheep and cattle or ride horses or wagons over it. There was also testimony of a number of other witnesses that the use of the road was not changed after patent was issued and anyone who wanted to use it to go deer hunting or visiting with people living in the vicinity or to dances which were held in Grass Creek did so, as well as those who used it to trail sheep or cattle. No one testified that prior to the time re-

spondent acquired the property in question permission was asked or obtained from any owner to traverse the trail. The use of the road was not great because comparatively few people had need to travel over it, but those of the public who had such need, did so. Within the past few years prior to the trial of this action in 1956, both appellant and respondent have put no trespassing signs on their properties and have attempted to charge deer hunters who wanted to use their properties. However, no objection was made nor did any of the owners of property over which the trail traversed attempt to interfere in the public's use until respondent tried to prevent such use a short time before this action was commenced. Respondent became the owner of the land in question approximately 12 years before the commencement of this action. He testified that since he has become acquainted with the trail, it does not extend to Grass Creek, but ends somewhere up Middle Canyon. Middle Canyon Road has never been maintained at public expense.

The court as the trier of the facts found that appellant "had failed to produce sufficient evidence to establish a public highway * * *."

In Lindsay Land & Livestock Co. v. Churnos, 75 Utah 384, 285 P. 646, 648, this court pointed out that Congress in 1866 enacted Section 2477, Revised Statutes of the United States (43 U.S.C.A. § 932) wherein it granted the right of way for public highways over public lands not reserved for public uses, and that an acceptance of such grant could be made "by public use without formal action by public authorities, and that continued use of the road by the public for such length of time and under such circumstances as to clearly indicate an intention on the part of the public to accept the grant is sufficient." We further pointed out that under our territorial laws a continuous and uninterrupted use of a road by the public for a period of 10 years was sufficient to create a public highway by use, and where the evidence showed that "while the lands traversed by the road were public lands of the United States the road was used as a public thoroughfare" for a period exceeding that required by our statutes for creating a public highway by use, such evidence "is sufficient in law to amount to an acceptance of the congressional grant of the right of way over the public lands, and thus would constitute and create the road in question a public highway by dedication." See also Jeremy v. Bertagnole, 101 Utah 1, 116 P.2d 420, 423.

The uncontradicted evidence in the instant case disclosed that for a period exceeding 50 years, the public, even though not consisting of a great many persons, made a continuous and uninterrupted use of Middle Canyon Road in traveling by wagon and other vehicles and by horse from Upton to Grass Creek and other points as often as they found it convenient or nec-

essary. They trailed cattle, and sheep, hauled coal, and used this trail for other purposes in traveling from Grass Creek and various other points to and from Highway 133. This evidence was sufficient as a matter of law to establish a highway by dedication and the court erred in finding otherwise. The highway once having been established by such use, it is provided by statute, Sec. 27–1–3, U.C.A.1953, that it "* * * must continue to be highway(s) until abandoned by order of the board of county commissioners * * * or other competent authority."[1] There is no contention that any such procedure has been invoked here.

Due to the fact that the trial court did not find it was a public highway, it failed to find on two further issues dependent upon such fact, which it will be necessary to determine upon remand: (1) the width of the highway, which must be determined in accordance with what is reasonable and necessary for the uses to which the road has been put; (2) any damages proximately resulting to the plaintiff by the wrongful conduct of the defendant in closing and excluding him from the roadway.

Reversed, with instructions to proceed in accordance with this opinion. Costs to plaintiff.

McDONOUGH, C. J., and CROCKETT, WORTHEN, and HENRIOD, JJ., concur.

1. For history of Sec. 27–1–3, U.C.A.1953, see Dahl v. Roach, 76 Utah 74, 287 P. 622,