Basil THURMAN, Ron Kester, Vaughn Kester, and Joseph Page, Plaintiffs and Respondents,

v.

Berl D. BYRAM, William K. Byram, John D. Byram, Val M. Byram, Donald E. Byram, Kenneth Byram, Harry J. Wilkinson and Dorothy Wilkinson, his wife, Browning Industries, John Doe I and John Doe II, Defendants and Appellants.

No. 16873.

Supreme Court of Utah.

Feb. 10, 1981.

* Crockett and Wilkins, Justices, concurred in this case before their retirements.

**448**

Robert A. Echard, Ogden, for defendants and appellants.

Rodney S. Page, Clearfield, for plaintiffs and respondents.

HOWE, Justice:

Appeal from a judgment that a 10-mile road passing through defendants' land had become a public road and that a prescriptive easement had been established in favor of the plaintiffs.

Defendants are the owners of real property located in Cottonwood Canyon in Morgan County. Plaintiffs sought a determination that the road coursing through defendants' land had been used by the general public for a period in excess of 10 years prior to defendants' installation of a gate blocking the road in 1978, and that the road had thus become a public road. The statutory basis for plaintiffs' claim is § 27–12–89, U.C.A.1953, as amended, which provides:

A highway shall be deemed to have been dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of 10 years.

The trial court found there had been the requisite use.

Defendants contend that the trial court committed prejudicial error in making Findings of Fact which were contrary to the evidence, and that the evidence does not support the judgment.

As to defendants' complaint that some of the court's Findings of Fact were based on erroneous interpretations of the testimony, we find no prejudicial error. Although defendants have pointed out certain discrepancies, for the most part they have simply relied on testimony that supported their position but which was in conflict with other testimony found believable by the trial court. Even if the challenged findings were stricken, the remaining findings are based on credible testimony and amply support the judgment.

Defendants' challenge based on insufficiency of the evidence is likewise without merit. Although dedication of property to public use should not be lightly presumed, the determination of the facts establishing the requisite public use is the primary responsibility of the trial court. In

reviewing that determination, this Court is required to analyze the evidence and whatever reasonable inferences might be drawn therefrom in the light most favorable to the trial court's findings and judgment. *Bonner v. Sudbury*, 18 Utah 2d 140, 417 P.2d 646 (1966). There is substantial evidence in this case that for a long period of time the road in question had been used freely by the general public.

Numerous witnesses testified that they had used the property frequently for more than 20 years, that they had observed other members of the general public using the road, and that until 1978 they had never been asked not to use it, nor had they been prevented from doing so. The road provided the only access to certain Forest Service property which was used by the public. State and county crews had assisted in the installation of a bridge in the road which had been moved there from another location. Both the former county sheriff and the present sheriff testified that they had observed the general public using the roadway for many years. They had not been asked by defendants to prevent such public use, although defendants had complained to the sheriffs of trespassing on their off-the-road properties. Except for periodically blocking the road to facilitate the movement of sheep, defendants had never erected a gate or other obstruction across the road until 1978. There were gates at various entrances to their individual properties.

Defendants did post "no trespassing" signs on the road. The signs did not specifically refer to the use of the roadway, however, and their language was consistent with an intent to prevent the public from leaving the roadway and entering onto adjacent private properties. Even though defendants attempted to control those coming upon their property by issuing printed hunting permits, the permits were checked only after people had left the roadway and had come onto the properties recognized as being in private ownership.

The evidence of public use clearly supports the judgment of the trial court that the road had become a public thoroughfare. The determination that a roadway has been continuously used by members of the general public for at least 10 years is the sole requirement for it to become a public road. It is not necessary to prove the owner's intent to offer the road to the public as contended by defendants. Section 27–12–89 deems a dedication to the public as a matter of law when the required public use is established. See *Wilson v. Hull*, 7 Utah 90, 92, 24 P. 799, 800 (1890), where we said: "The intention of the owner of the land to dedicate may be inferred from his acquiescence in its continual use as a road by the public." This language was quoted with approval in *Schettler v. Lynch*, 23 Utah 305, 64 P. 955 (1901).

Defendants have cited several decisions of this Court in which permissive use was insufficient as a basis for declaring a roadway to be public. See, for example, *Gillmor v. Carter*, 15 Utah 2d 280, 391 P.2d 426 (1964). Although testimony in the instant case indicated that some of the use by nonproperty owners was with permission, there was clear and convincing evidence of frequent and general use of the road without defendants' permission.

Plaintiffs in this matter also sought, as an alternative to the finding that the road in question had been dedicated to public use, a ruling that the individual plaintiffs had established a prescriptive easement in the roadway. The trial court ruled that Basil Thurman, Ron Kester, and Vaughn Kester had used the road for a period in excess of 20 years so as to establish a prescriptive easement for their benefit. We are unable to sustain this portion of the judgment.

A prescriptive right is in conflict with the dedication of land to the use of the general public. A private right-of-way cannot be acquired by prescription over land which is subject to use as a public highway, although it may be so gained after discontinuance of the public thoroughfare. 2 Thompson on Real Property § 339 at 180 (1980). As this Court stated in *Thornley Land & Livestock Co. v. Morgan Bros. Land & Livestock Co.*, 81 Utah 317, 319, 17 P.2d

826, 827 (1932), "[T]he use by individual persons in common with the public generally is regarded as permissive, and by such common use no individual person can acquire a right by prescription as against the owner of the fee." See also *Bertolina v. Frates*, 89 Utah 238, 57 P.2d 346 (1936).

 The record in the instant case shows that the use of the roadway by the individual plaintiffs was not distinguishable from similar use by the public generally, but it was relevant to prove that the road was a public roadway. The determination that the road had become a public thoroughfare precluded a ruling in plaintiffs' favor on the issue of the establishment of a prescriptive easement.

The judgment of the lower court is affirmed as to the establishment of a public thoroughfare but reversed as to the acquisition by the plaintiffs of prescriptive rights therein. Costs to respondents.

MAUGHAN, C. J., and HALL and STEWART, JJ., concur.

CROCKETT, J., heard the arguments, but retired before the opinion was filed.