Norma CAMPBELL; Lamont Campbell; and The Campbell Cattle Company, a Utah general partnership, Plaintiffs and Appellees,

v.

BOX ELDER COUNTY, Defendant and Appellant.

BOX ELDER COUNTY, Third-party Plaintiff and Appellant,

v.

Norma CAMPBELL; Lamont Campbell; The Campbell Cattle Company, a Utah general partnership; Paul D. Barnes; Evelyn Barnes; Coleen Barnes; Eldon M. Barnes; Wanda Barnes; Burke Heaton; and The Heaton Limited Family Partnership, Third-party Defendants and Appellees.

No. 970587–CA

Court of Appeals of Utah.

June 25, 1998.

Jon J. Bunderson and John D. Sorge, Brigham City, for Appellant.

Bruce R. Baird, Salt Lake City, for Appellees Jan Graham, Norman K. Johnson, and Daniel G. MoQuin, Salt Lake City, for Amicus Curiae State of Utah.

Before DAVIS, WILKINS and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

Box Elder County appeals a trial court determination that a section of "Ridge Road" owned by the Campbells and their co-appellees, the Barneses and Heatons, was not a

public thoroughfare under Utah Code Ann. § 27–12–89 (1995). We affirm.

## FACTS

Ridge Road begins on the Campbells' property and continues many miles over property owned by the other appellees and by the United States Forest Service. Because the land ownership is in a checker board pattern, the road crosses back and forth between private property and Forest Service land. Other public roads cross the Forest Service land and join Ridge Road after it traverses appellees' properties, and members of the public can access the Ridge Road either through the Campbells' property or through higher altitude Forest Service land.

The trial court found that the use of all privately owned segments of the road was identical because a gate on the Campbell section blocked access from the main road. However, at all relevant times there was a gate where Ridge Road turned off the main county road and onto the Campbell property. The gate on the Campbell property was generally locked, and several witnesses testified that they had been prevented from accessing Ridge Road by the locked gate. However, the Campbells customarily opened this gate during the October deer hunt so that hunters could cross their property to access the Forest Service land. Based on these facts, the court concluded that Ridge Road had not become a public thoroughfare. Box Elder County appeals.

## ANALYSIS

Box Elder County argues the trial court erred as a matter of law when it concluded that Ridge Road had not been abandoned and dedicated as a public thoroughfare under Utah's public use dedication statute.[1]

In deciding whether a road has been dedicated to public use under section 27–12–89, a trial court must make initial fact

---

1. Utah Code Ann. § 27–12–89 (1995) (Public use constituting dedication) states:
 a highway shall be deemed to have been dedicated and abandoned to the use of the public

when it has been continuously used as a public thoroughfare for a period of ten years.

findings and then apply the law to those fact findings to determine whether they meet the statutory guidelines for public dedication. "We review this ultimate determination, which is a mixed question of fact and law, for correctness." *Heber City Corp. v. Simpson*, 942 P.2d 307, 309 (Utah 1997) (citing *State v. Pena*, 869 P.2d 932, 936 (Utah 1994)). However, we grant the trial court significant discretion in its application of the facts to section 27–12–89 requirements because "its legal requirements, other than the ten year requirement, are highly fact dependent and somewhat amorphous." *Id.* at 309 (citation omitted). Finally, because "[t]he law does not lightly allow the transfer of property from private to public use," the county bears the burden of proving dedication to the public by "clear and convincing evidence." *Draper City v. Estate of Bernardo*, 888 P.2d 1097, 1099 (Utah 1995) (citation omitted).

### I. Were the Trial Court's Findings of Fact Clearly Erroneous?

 Box Elder County assigns error to several of the trial court's fact findings. However, Box Elder County has failed to marshal the evidence supporting these findings or to establish that the findings are clearly erroneous.

> To successfully challenge a trial court's findings of fact on appeal, "[a]n appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be 'against the clear weight of the evidence,' thus making them 'clearly erroneous.'"

*Valcarce v. Fitzgerald*, 961 P.2d 305, 312 (Utah 1997) (citations omitted). When a party fails to marshal the evidence supporting a challenged fact finding, we reject the chal-

lenge as "'nothing more than an attempt to reargue the case before [the appellate] court.'" *ProMax Dev. Corp. v. Mattson*, 943 P.2d 247, 255 (Utah Ct.App.1997), *cert. denied*, 953 P.2d 449 (Utah 1997) (quoting *Oneida/SLIC v. Oneida Cold Storage & Warehouse, Inc.*, 872 P.2d 1051, 1053 (Utah Ct.App.1994)). Thus, we "'assume[ ] that the record supports the findings of the trial court and proceed[ ] to a review of the accuracy of the lower court's conclusions of law and the application of that law in the case.'" *Heber City Corp.*, 942 P.2d at 312 (quoting *Saunders v. Sharp*, 806 P.2d 198, 199 (Utah 1991)). Because Box Elder County has failed to marshal the evidence in support of the challenged fact findings and prove that they were clearly erroneous, we accept the trial court's fact findings for the purpose of our analysis.[2]

### II. Did the Trial Court Err in Concluding that Ridge Road Was Not a Public Thoroughfare under Section 27–12–89?

 Under section 27–12–89, a road "shall be deemed to have been dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years." Utah Code Ann. § 27–12–89 (1995). Three factors must be present for a road to become a public highway by dedication under section 27–12–89: "there must be (i) continuous use, (ii) as a public thoroughfare, (iii) for a period of ten years." *Heber City Corp.*, 942 P.2d at 310. "Once the technical provisions of [section 27–12–89] have been satisfied, the road is a 'public highway.' The court has no discretion to ignore that fact." *Id.* at 313.[3]

In this case, the trial court found that Ridge Road has been used by the public for

---

**2.** Box Elder County argues the trial court erred in finding that all three privately owned segments of Ridge Road were used identically. However, Box Elder County has not properly challenged the trial court's factual finding that the use was the same for all segments, and we therefore accept this key factual finding.

**3.** Appellees also appear to argue that abandonment and dedication cannot take place unless the owner intended to dedicate the road to public use. This requirement appears in early cases. *See, e.g., Morris v. Blunt*, 49 Utah 243, 252, 161

P. 1127, 1131 (Utah 1916). However more recent cases have definitively stated that owner intent is now irrelevant to determining whether a road has been dedicated and abandoned to public use. *See Draper City*, 888 P.2d at 1099 (citations omitted) ("It is not necessary to prove that the owner of the private road had the intent to offer the road to the public. Rather, under section 27–12–89, the owner's intent may be inferred by the mere acquiescence in allowing the public to use the road.").

over ten years. However, it concluded the road had not been dedicated to public use because it had not been used continuously as a public thoroughfare. The trial court based this conclusion on two fact findings: 1) Ridge Road was generally used only during the deer hunting season, and was frequently closed to the public at other times, and; 2) the use of Ridge Road during the hunting season was by permission of the Campbells, who removed the lock from the gate "and knowingly permitted hunters to use the road." Thus, we examine for correctness the trial court's conclusion that the pattern of use described in its findings of fact was not "continuous" use as a "public thoroughfare."

### A. Continuous Use

■ We first address whether the trial court erred in concluding that the public's use of Ridge Road outside deer hunting season was not continuous. In *Boyer v. Clark*, 7 Utah 2d 395, 326 P.2d 107 (Utah 1958), the supreme court concluded there had been continuous and uninterrupted use of a road over ten years where "the public, even though not consisting of a great many persons, made a continuous and uninterrupted use . . . as often as they found it convenient or necessary." *Id.* at 109. Similarly, in *Richards v. Pines Ranch, Inc.*, 559 P.2d 948 (Utah 1977), the supreme court stated that, "use may be continuous though not constant . . . . *provided it occurred as often as the claimant had occasion or chose to pass.* Mere intermission is not interruption." *Id.* at 949 (emphasis added) (citation omitted). Finally, in *Heber City Corp.*, 942 P.2d at 311, the supreme court found continuous use of a road where the evidence at trial demonstrated that the public "made a continuous and uninterrupted use of" the road "as often as they found it convenient or necessary." Based on this evidence, the court concluded "as a matter of law that [the road] . . . was used continuously." *Id.* (Citation and footnote omitted).

■ Under Utah law, use need not be regular to be continuous. Even infrequent use can result in dedication of a road as a public thoroughfare. However, under the continuous use requirement, members of the public must have been able to use the road whenever they found it necessary or convenient. Here, the trial court explicitly found the public had not been able to use Ridge Road as often as they found it necessary or convenient. On the contrary, the trial court found Ridge Road was generally barred by a locked gate, and several members of the public testified that they had been unable to use the road because of the gate. Thus the trial court concluded that the use of the road outside of deer hunting season was at the Campbells' convenience, rather than at the convenience of the public. The trial court correctly interpreted the statute when it determined that the county had not shown continuous public use of Ridge Road.

### B. Use as a Public Thoroughfare

■ We next address whether the trial court correctly concluded that deer hunters' use of the road during hunting season was not use "as a public thoroughfare" because it was with the Campbells' permission. It is firmly established under Utah law that permissive use cannot result in either adverse possession or dedication of private property to the public. *See, e.g., Heber City Corp.*, 942 P.2d at 311–12; *Thurman v. Byram*, 626 P.2d 447, 449–50 (Utah 1981).

In this case, the trial court concluded that the deer hunters used Ridge Road with the Campbells' permission. The trial court based this conclusion on testimony at the hearing that the Campbells had unlocked the gate every year except 1994 for deer hunting season and had relocked it at the end of each hunting season. The trial court correctly concluded that permissive use of Ridge Road could not result in dedication as a public thoroughfare.

### CONCLUSION

The trial court correctly concluded Ridge Road was not dedicated to public use because it had not been continuously used as a public thoroughfare. We therefore affirm.

DAVIS, P.J., and WILKINS, Associate P.J., concur.