2008 UT 11

**TOWN OF LEEDS, a Utah municipal corporation, Plaintiff and Appellee,**

v.

**Terry PRISBREY, Defendant and Appellant.**

No. 20061085.

Supreme Court of Utah.

Feb. 12, 2008.

Heath H. Snow, Bryan J. Pattison, St. George, for plaintiff.

Jeffrey C. Peatross, St. George, for defendant.

DURRANT, Justice:

## INTRODUCTION

¶ 1 This case, along with two companion cases that we also decide today,[1] concerns Utah Code section 72–5–104(1) (the "Dedication Statute"), which provides that "[a] highway is dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years."[2] In this case we consider whether a continuously manned twenty-four-hour roadblock is an interruption in continuous use sufficient to restart the running of the Dedication Statute's ten-year period. We hold that it is.

## BACKGROUND

¶ 2 The road known as West Center Street in the Town of Leeds originates at an intersection with Main Street, extends north to the crest of a small incline, and then proceeds downhill across real property owned by Terry Prisbrey through a narrow "box" underpass beneath Interstate 15 to an area known as Angel Springs. In 2000, Mr. Prisbrey purchased the property from Joanne George, whose family had owned the property since 1878. Sometime thereafter, Mr. Prisbrey, in an attempt to restrict travel on the road, erected a chain link fence across the road at the entrance to the "box" tunnel and affixed "No Trespassing" signs to the fence. In response, the Town of Leeds filed this action seeking a declaratory judgment

---

1. *Utah County v. Butler*, 2008 UT 12, 179 P.3d 775; *Wasatch County v. Okelberry*, 2008 UT 10, 179 P.3d 768.

2. Utah Code Ann. § 72–5–104(1) (2001).

deeming West Center Street dedicated to the public pursuant to Utah Code section 72–5–104(1)[3] and a temporary restraining order and injunction enjoining Mr. Prisbrey from restricting travel on the road.

¶3 The trial court conducted evidentiary hearings regarding the temporary restraining order. By stipulation of the parties, the hearings were consolidated with and considered as a trial on the merits. The trial court heard testimony from a number of witnesses who claimed that they used West Center Street whenever they wished, without restriction, and without obtaining Mrs. George's permission. The trial court also heard from Mrs. George, who testified that in October 1964, and again in October 1971, 1978, 1985, 1992, and 1999, she, alone or with the assistance of her sons, set up a twenty-four-hour roadblock on West Center Street for the purpose of retaining private ownership of the road. These roadblocks consisted of her or her sons' physical presence, sawhorses placed across the road, and "No Trespassing" signs placed on the sawhorses. Mrs. George testified that she never encountered anyone attempting to travel on West Center Street during her roadblocks and knows of no one who was actually prevented from using the road because of her blockades.

¶4 At the conclusion of the hearings, the trial court entered its Findings of Fact and Conclusions of Law. It concluded that "[m]embers of the public traveled West Center Street from 1966 to 1996 as often as they found it convenient or necessary, at times chosen by them and, therefore, the public's use of West Center Street was continuous during that period of time." It also concluded that, during the same period of time, West Center Street was used as a public thoroughfare because "there was not sufficient action taken to adequately put the public on notice

either that permission was needed to use West Center Street nor was there sufficient action taken by Mrs. George to obstruct the public's free and unrestricted passing and travel on West Center Street." And the court found that "continuous use of West Center Street as a public thoroughfare was made for a period of ten years (1966 to 1996)." Thus, the court concluded that the Town of Leeds had demonstrated by clear and convincing evidence that "West Center Street is a dedicated public road pursuant to Utah Code Ann. § 72–5–104(1)." The court ordered Mr. Prisbrey to remove any obstructions of or signage on West Center Street and enjoined him from taking future action to prevent travel on the road. Mr. Prisbrey appealed; we have jurisdiction pursuant to Utah Code section 78–2–2(3)(j).

## STANDARD OF REVIEW

¶5 We review the "trial court's legal interpretation of the Dedication Statute for correctness and its factual findings for clear error."[4] But whether the facts of a case satisfy the requirements of the Dedication Statute is a mixed question of fact and law that involves various and complex facts, evidentiary resolutions, and credibility determinations.[5] Thus, we review the "trial court's decision regarding whether a public highway has been established under [the Dedication Statute] ... for correctness but grant the court significant discretion in its application of the facts to the statute."[6]

## ANALYSIS

¶6 The Dedication Statute provides as follows: "A highway is dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years."[7] We have explained that a road is "continuously

---

3. An earlier version of this statute was in effect at the time the Town of Leeds claims West Center Street was dedicated and abandoned to the use of the public. *See* Utah Code Ann. § 27–12–89 (1995). A 1998 amendment to the earlier version renumbered this section but made no substantive changes to it. 1998 Utah Laws 861. We therefore refer to the current version of the statute throughout this opinion.

4. *Wasatch County v. Okelberry,* 2008 UT 10, ¶8, 179 P.3d 768.

5. *Heber City Corp. v. Simpson,* 942 P.2d 307, 309–10 (Utah 1997).

6. *Id.* at 310.

7. Utah Code Ann. § 72–5–104(1) (2001).

used" when the public makes "a continuous and uninterrupted use" of it "as often as they [find] it convenient or necessary."[8] In *Wasatch County v. Okelberry*, a companion case that we decide today, we set forth a bright-line rule for determining what qualifies as an interruption in continuous use sufficient to restart the running of the Dedication Statute's ten-year period: "[a]n overt act that is intended by a property owner to interrupt the use of a road as a public thoroughfare, and is reasonably calculated to do so."[9] Credible evidence of such an interruption precludes a finding of continuous use.[10]

¶ 7 In this case, the trial court found that West Center Street was continuously used as a public thoroughfare from 1966 to 1996. But the court also found that Mrs. George, in 1964, 1971, 1978, 1985, 1992, and 1999, established twenty-four-hour physical roadblocks of West Center Street. This, Mrs. George testified, she did with the intent of retaining private ownership of the road. We conclude that Mrs. George's testimony is credible evidence of overt acts intended and reasonably calculated to interrupt the use of West Center Street as a public thoroughfare. Although she did not block the public's *actual* use of the road because her roadblocks occurred during intermissions in the road's use, Mrs. George's intent and conduct were nevertheless sufficient to interrupt West Center Street's continuous use as a public thoroughfare for purposes of the Dedication Statute.[11] Because each of Mrs. George's roadblocks was an interruption sufficient to restart the running of the Dedication Statute, West Center Street has not been continuously used as a public thoroughfare for a period of ten years. We therefore reverse the trial court's decision and remand with an instruction to enter judgment in favor of Mr. Prisbrey.

## CONCLUSION

¶ 8 Mrs. George's twenty-four-hour roadblocks constituted overt acts intended to interrupt the use of West Center Street as a public thoroughfare and were reasonably calculated to do so. These interruptions preclude a finding of continuous use. We reverse the trial court's decision deeming West Center Street a dedicated public road and remand with an instruction to enter judgment in favor of Mr. Prisbrey.

¶ 9 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT'S opinion.

---

8. *Boyer v. Clark,* 7 Utah 2d 395, 326 P.2d 107, 109 (1958).

9. 2008 UT 10, ¶ 15, 179 P.3d 768.

10. *Id.*

11. *See id.* ¶ 16 (explaining that periods of time between usages of an infrequently traveled road are mere intermissions, not interruptions, and that the distinction between an intermission and an interruption "lies in the intent and conduct of the property owner").