# LUND v. WILCOX.

No. 1862. Decided August 23, 1908 (97 Pac. 33).

1. ADVERSE POSSESSION—ACQUISITION OF RIGHT—CHARACTER AND TIME OF POSSESSION. A prescriptive right to or over real estate can be acquired only after a continuous and adverse user for a period of twenty years.[1]

2. EASEMENTS—RIGHT OF WAY—PRESCRIPTION—PUBLIC LANDS— HOMESTEAD CLAIM. Defendant could obtain a prescriptive right of way over land in plaintiff's possession under a homestead claim only by twenty years' open, continuous, and adverse user after plaintiff had acquired title to the land from the government, since no prescriptive right to a public or private way of land belonging to the United States can be obtained by prescription.

---

[1] Harkness v. Woodmansee, 7 Utah 227, 26 Pac. 291; Funk v. Anderson, 22 Utah 238, 61 Pac. 1006.

3. SAME—DEVIATION—EFFECT. Where defendant, before acquiring a right of way over plaintiff's land by prescription, made a material deviation from the previously traveled way to avoid a washout in the old way, such deviation broke the continuity of the use required by law to establish the prescriptive right.

4. SAME—CONSENT OF OWNER OF SERVIENT ESTATE—EVIDENCE. In a suit to establish a private right of way by prescription, evidence *held* insufficient to sustain a finding that complainant, through her husband, had consented to a deviation by plaintiff from the original traveled way.

5. SAME—AUTHORITY TO DEVIATE. Where defendant claimed a right of way over plaintiff's land by prescription, the fact that there was a washout in the old road, or that it became impassable, did not give defendant a right to change the roadway, or to pass over other land belonging to plaintiff than that previously used.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by Elizabeth Lund against J. F. Wilcox. Judgment for defendant, and plaintiff appeals.

REVERSED, WITH DIRECTIONS.

*A. J. Weber* for appellant.

*Willey, Willey & Dole* for respondent.

FRICK, J.

The appellant instituted this action in April, 1905, to enjoin the respondent from tearing down her fences and from trespassing on and passing over a certain portion of her land. The respondent claims a private right of way over her land, which he asserts was acquired by prescription, and that the fence in question obstructed this right of way, and hence that he had a right to remove the same. Upon a hearing the court found for the respondent, and entered judgment in his favor.

The undisputed facts, briefly stated, are as follows: The appellant is the owner of the East one-half of the Southeast

quarter of section 30, township 3, range 1 East of Salt Lake meridian, in Davis county. The husband of appellant acquired title to this land from the United States on December 26, 1891, and thereafter conveyed the same by warranty deed to appellant on the 3d day of December, 1904. She has been the owner and in possession ever since, and she and her husband were in possession since 1889, or a few years preceding that time. The appellant is the owner of the South one-half of section 29, township and range aforesaid, which joins appellant's land on the east. Respondent has been in possession of his land since 1879 or 1880. He acquired title thereto in 1901 from the Union Pacific Railway Company, which obtained its title from the United States in 1897. The land referred to above is arid, and lies on the east margin of Salt Lake valley, along the foothills. The portion of land on which respondent claims the right of way always has been, and at the time of the trial was, wild, uncultivated, and unfenced, covered over with sagebrush and other indigenous weeds or grasses. Ever since the year 1879 or 1880 the respondent, in improving his land, traveled over some portion of the wild lands which were between his and the public highway, which is some distance to the west of his land, and west of appellant's land. The travel in places over the right of way was not confined to a particular place; but in other places, where the roadway was cut into the brow of a hill, or where it required preparation for travel, the testimony tends to show that the roadway has practically remained in the same place during all of the years that respondent was using the right of way. It further appears that only a portion or portions of the roadway traveled by respondent pass onto and over appellant's land.

It is not made very clear by the evidence just what part of the right of way is upon appellant's land, and this is ascertained only by reference to the description of it as given in the decree of the court; but, as this decree simply gives the starting point and the courses and distances in degrees and chains, we are unable to state just what portion of appellant's land is crossed by the right of way. This, however,

is not material for the purpose of the decision, as will here-
after appear. In 1900 there was what the witnesses term a
freshet, which, to some extent not shown by the evidence,
washed away or interfered with the right of way used by re-
spondent at a point, as we read the evidence, where the right
of way was not on appellant's land. To avoid this washout
the course of the right of way was then changed onto appel-
lant's land, or, if the old right of way was upon her land,
then the change was made from one part of her land to another
part, so that an entirely new right of way was established at
that time for some distance over her land. It is this portion
of the right of way that appellant especially objects to. At
the trial her counsel claimed, and now insist, that no part
of the right of way over appellant's land has been established
by prescription under the laws of this state. The court
found, and so decreed, that the respondent had acquired a
right of way over the land of appellant, including that por-
tion which was not established until 1900. The real ques-
tion in the case, therefore, is whether the court erred in
awarding respondent the right of way described in the de-
cree.

Counsel for appellant contends that under the law in force
in this state the respondent could not acquire any right of
way by prescription in, to, or over appellant's land while the
title remained in the United States. It is conceded that the
title to appellant's land remained in the United States until
December, 1891. Appellant insists, therefore, that a pre-
scriptive right over her land could be acquired only after an
open, continuous, and adverse use for a period of twenty
years after she became the owner thereof, and that such a
use has not been established by the evidence. This court has
repeatedly held that a prescriptive right in, to, or over real
estate can be acquired only after an open, continuous and ad-
verse user for a period of twenty years. (*Harkness v. Wood-
mansee,* 7 Utah 227, 26 Pac. 291; *Funk v. Anderson,* 22
Utah 238, 61 Pac. 1006.) The trial court, however, found
that the right of way by respondent, with the exception of that
portion where a change was made in 1900, was used by re-

spondent for a period of over twenty-five years. It is apparent, however, that up to December, 1891, appellant's land was owned by the United States, and hence respondent passed over appellant's land for a period of time less than fifteen years when this action was commenced, and over some portion of it for a period of about five years only. Under these facts counsel for appellant contends that no prescriptive right of way was or could be acquired by respondent over appellant's land.

This contention seems to be sustained by the authorities. In *Smith v. Smith,* 34 Kan. 301, 8 Pac. 390, Mr. Chief Justice Horton, speaking for the court, in referring to the question now under consideration, used the following language:

"We do not think that a person who is occupying government land, intending to obtain the same under pre-emption or homestead laws, can dedicate it, or any portion thereof, for a public road, until he has done all that he is required to do to obtain the title to the land under such laws; nor do we think that a public road can be established by prescription or limitation while the land over which the road runs belongs to the United States; nor can any portion of the time while the land belongs to the United States be counted in establishing a public road by prescription or limitation. And this is true, although the land at the time may be occupied by a person intending to obtain the land under the pre-emption or homestead laws of the United States, but who has not yet done all that he is required to do in order to obtain the title to the land."

There is nothing in the evidence in this case to show that appellant's husband had a right to obtain the title at any time prior to the time he obtained it from the United States. No doubt a homestead claimant may be authorized to conditionally agree to grant to another a portion of the land to which the claimant intends to acquire the title, such grant to become effective when the claimant acquires the title. But this is far from acquiring a prescriptive right, or in granting a person a right in or over the claimant's land, of which he is in possession merely and while the title remains in the United States. It follows, therefore, that the time at which

34 Utah—14

the respondent's alleged prescriptive right commenced was in December, 1891. This falls far short of the period of time required to entitle respondent to a right of way over appellant's land by prescription, and he must therefore fail upon this ground.

There is another reason why respondent cannot be decreed a right of way over appellant's land. As we have pointed out, the roadway was changed in 1900. This change broke the continuity of the use by respondent. Jones, in his excellent work on Easements, in section 295, states the law upon this point as follows:

"A prescriptive right of way cannot be acquired by tacking together two distinct periods of use of two separate ways, though one was abandoned for the other with the consent of the landowner, and the two periods together would amount to the prescriptive time requisite to give a prescriptive right of way. It is essential that the use should relate strictly to the identical way over which the right is claimed. A way imports a right of passing in a particular line, and not everywhere, over the land upon which the right may be claimed."

This does not mean that a person using the right of way may not deviate at all from the traveled rut or track, to the extent, at least, that this may become necessary in a reasonable use of the right of way; but it does mean that the claimant may not abandon one track or right of way and adopt another. In *Kurtz v. Hoke,* 172 Pa. 165, 33 Atl. 549, it is held that a variation of twenty feet from the traveled road is fatal to continuity of use. It is generally held by the courts that a deviation such as occurred in the case at bar destroys the continuity of use required by law. The rule is illustrated and applied in the following cases: *Owens v. Crossett,* 105 Ill. 354; *Bryan v. East St. Louis,* 12 Ill. App. 390; *Peters v. Little,* 95 Ga. 151, 22 S. E. 44; *Follendore v. Thomas,* 93 Ga. 300, 20 S. E. 329.

The court made a finding to the effect that the change in 1900 and thereafter was made with the consent of appellant. Even though this were fatal to her claim, there is no evidence in the record to support this finding. The most that

the evidence discloses is that after the title had passed to appellant her husband had consented and agreed to the change. The husband denies that, and there is no claim that appellant, the owner of the land, ever consented, or authorized any one to consent for her, to the changes; but, on the contrary, her testimony is to the effect that she always protested as to the change or changes in the roadway that were made by respondent.

There is some claim made by respondent's counsel that in view that she and her husband permitted respondent to improve his property, and in doing so to pass over the land in question, and permitted him to do certain work and make improvements upon the roadway during all of these years, therefore appellant is estopped from objecting to the use of the right of way by respondent. If it were conceded that the principle of estoppel should be applied to that portion of the right of way as it was used by respondent prior to 1900, there is absolutely nothing upon which an estoppel can be based which would authorize the application of the estoppel to the change that was made in that year. The mere fact that there was a washout in the old road gave respondent no right to change the roadway. If an established right of way may be changed any time it becomes inconvenient for use, or even impassable, then there is no limit to the extent of territory that the claimant of a right of way may appropriate for such use. The mere fact that he has improved his property, and a roadway is both convenient and necessary to its full enjoyment, gives him no right to pass over another's property at will to reach his own. If the old roadway is impassable, and he is cut off from a public road, the law affords him a remedy by which he may again establish ingress and egress to his property; but we know of no law that permits this by simply changing the route of travel over another's land without compensation, and upon the sole ground that it is both convenient and necessary to do this in order to lose no part of the labor or expense involved in establishing the old and now impassable roadway.

Upon the hearing the parties used a map or plat from

which, the evidence indicates, the changes in the road that were made in the year 1900 and thereafter are shown. This map is not in the record. We are unable, therefore, to state what portion of the original road, if any, over appellant's land the respondent has a right to maintain. We speak of this because it appears from the evidence, as we understand it, that there is a certain portion of the original road to the use of which appellant does not object. If we are right in this, then there is no reason why respondent should not have the privilege of using such portion; but he cannot be permitted, under the evidence, to use that portion of the roadway which was established in 1900, or thereafter, without the express consent of appellant. The mere fact that the land over which the right of way is claimed may not be of great value, or that the use of it may be of great benefit to respondent, and of but small inconvenience, if any, to appellant, cannot affect the result. The question, and the only question, is: Has the respondent established a legal right to the right of way over appellant's land, which he claims, and which the court decreed to him? The uncontroverted facts show that under the law he has not such legal right, and the court, therefore, erred in awarding it to him. Nor does the evidence authorize us to affirm the decree upon equitable grounds, for the reasons heretofore pointed out.

The judgment is therefore reversed, with directions to the district court to proceed with the case in accordance with the views expressed in this opinion; appellant to recover costs.

McCARTY, C. J., and STRAUP, J., concur.