DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

---

*(Continued from Volume 34.)*

---

PIONEER INVESTMENT & TRUST COMPANY, a Corporation, Respondent, v. THE BOARD OF EDUCATION OF SALT LAKE CITY, a Corporation, Appellant.

No. 1969. Decided January 11, 1909 (99 Pac. 150).

1. ADVERSE POSSESSION—HOSTILE CHARACTER OF POSSESSION. A mere passive possession, without intent to claim the property, is insufficient, regardless of the length of time such a possession continues, or whether it is open, notorious, or exclusive, as the rights of the parties are not determined by the possession, but by the character of the possession. (Page 7.)

2. ADVERSE POSSESSION—HOSTILE CHARACTER OF POSSESSION—EVIDENCE. The character of the possession cannot always be determined from the declarations of the party in possession, but, whenever possession is of such a character that the ownership may be inferred therefrom, then the possession may be presumed to be hostile to the rights of the true owner, and if a party places permanent structures on land belonging to another, and uses the land and structures the same as the owner ordinarily uses his land, then, in the absence of something showing a contrary intention, a claim of ownership may be inferred in favor of the party in possession. (Page 8.)

35 Utah—1                     (1)

3. ADVERSE POSSESSION—HOSTILE CHARACTER OF POSSESSION—EVIDENCE. Evidence, in an action on a covenant of warranty, considered, and *held* to warrant the finding of the trial court that a corporation had acquired title by adverse possession or prescription to a part of the land conveyed under the covenant of warranty.1    (Page 9.)

4. APPEAL AND ERROR—REVIEW—FINDINGS OF COURT—SUFFICIENCY OF EVIDENCE. On review of a law case, where all of the findings of the court are supported by both facts and inferences, the appellate court is not authorized to disturb the findings.    (Page 9.)

5. ADVERSE POSSESSION—AGAINST WHOM PRESCRIPTION MAY BE CLAIMED—"FOR OTHER PURPOSES." Comp. Laws, 1907, section 2856, provides that the state is barred from bringing an action for the recovery of real property, unless such action is commenced within seven years. Section 2866x provides that no person shall be allowed to acquire any right or title in or to any lands, held by any town or city "designated for public use as streets, lanes, avenues, alleys, parks, public squares, or for other purposes, by adverse possession for any length of time whatsoever." Section 2884 provides that limitations which apply to actions generally also apply as against the claims of the state. *Held*, that the phrase "or for other purposes," in section 2866x, must be limited to things *ejusdem generis* with the property especially named, and that the city board of education may lose title to property by adverse possession that is not used for school purposes, but held for sale as business property.2    (Page 10.)

6. MUNICIPAL CORPORATIONS—PROPERTY—PURPOSES FOR WHICH ACQUIRED. A public corporation may hold property in a private, as well as in a governmental, capacity.3    (Page 11.)

APPEAL from Third District Court, Salt Lake County. *Hon. M. L. Ritchie,* Judge.

Action upon a covenant of warranty. From a judgment for plaintiff, defendant appeals.

---

1 Toltec Ranch Co. v. Babcock, 24 Utah 183-191, 66 Pac. 876.

2 Nephi Plaster & Mfg. Co. v. Juab County, 33 Utah 114, 93 Pac. 53, 14 L. R. A. (N. S.) 1043.

3 Ogden City v. Bear Lake, etc., Co., 16 Utah 453, 52 Pac. 697, 41 L. R. A. 305; Ogden City v. Waterworks Co., 28 Utah 42, 76 Pac. 1069; Brown v. Salt Lake City, 33 Utah 222, 93 Pac. 570, 14 L. R. A. (N. S.) 619.

AFFIRMED.

*Messrs. Moyle & Van Cott* for appellant.

*C. S. Varian* for respondent.

### APPELLANT'S AUTHORITIES.

In order that possession may be adverse it must be under a claim of title exclusive of any other right. (*McCracken v. San Francisco,* 16 Cal. 591; *Unger v. Mooney,* 63 Cal. 586.) Adverse possession to perfect the bar of the statute must be occupation under claim of title with knowledge and acquiescence of the other party. (*American Company v. Bradford,* 27 Cal. 360-66; *Foulkner v. Rondoni,* 104 Cal. 140-46; *Dignan v. Nelson,* 26 Utah 186; *Colvin v. Republican Valley Land Association* [Neb.], 36 N. W. 361; *Ewing v. Burnet,* 11 Peters 41; *Probst v. Presbyterian Church,* 129 U. S. 643; Compiled Laws of Utah 1907, sections 2864 and 2866; *English v. Openshaw,* 28 Utah 241; *Salt Lake Investment Co. v. Fox,* 32 Utah 301; *Allen v. McKay & Co.,* 70 Pac. 8; Sedgwick and Wait on Trial of Title to Land, sec. 729; *Jackson v. Thomas,* 16 Johnson 293.) A title by adverse possession cannot be acquired against the appellant, it being a public corporation and holding said property in trust for school purposes. (*Board of Education v. Martin* [Cal.], 28 Pac. 799; *Charlotte v. Pembroke Iron Works,* 82 Me. 391; Ballard on Real Property, vol. 1, sec. 31.) Section 1912 of the Compiled Laws of Utah, 1907, constitute the Board of Education, a body corporate. See also sections 1892 and 1893.

### RESPONDENT'S AUTHORITIES.

Where there has been an actual possession, and the occupant has acted *from the beginning as owners do,* there is a just presumption that he was holding as owner, and inconsistently with the idea of title in any other than himself.

(*Davis v. Bowmar.* 55 Miss. 671-742; Sedgwick & Wait on Title to Land (2d Ed.), sec. 758; *Brummagin v. Bradshaw,* 39 Cal. 46; *Brown v. Volkening,* 64 N. Y. 82; *Toltec Ranch Co. v. Babcock,* 24 Utah 191-2; *Talburt v. Singleton,* 42 Cal. 395; Newell on Ejectment, 429, sec. 2; *Wolf v. Baldwin,* 19 Cal. 314; Angel on Limitations [6 Ed.], sec. 390; *Needham v. City,* 7 Utah 319.) Intention to claim as owner in derogation of the rights of the true owner need not be expressed but may be inferred from the manner of occupancy. (*Convers v. Kenan,* 4 Ga. 308, 48 Am. Dec. 226; *Dean v. Goddard,* 55 Minn. 290.) And permanent valuable improvements made upon the land and used by the claimant would tend to show an intention to hold adversely. (*Hamilton v. West,* 63 Mo. 93; 1 Am. & Eng. Ency. of Law [2d Ed], p. 826.)

The Board of Education held the property in its proprietary capacity with the power of alienation and was subject to all the liabilities of private ownership. (Compiled Laws of Utah, sections 1912 and 1913; *Hoadley v. San Francisco,* 50 Cal. 265; Wood on Limitations [2d Ed.], sec. 53; Dillon on Municipal Corporations [3d Ed.], sec. 688; Sedgwick & Wait on Trial of Title to Land [2d Ed.], 611, sec. 753-A; *Shelby Co. v. Bickford,* 102 Tenn. 395, 52 S. W. 772; *School Directors v. George,* 50 Mo. 194; *Cincinnati v. Evans,* 5 Ohio St. 594; *Hartman v. Hunter* [Ohio], 46 N. E. 577; *Cincinnati v. First Presbyterian Church,* 8 Ohio 299; *May v. School District* [Neb.], 34 N. W. 377; *Bannock County v. Bell* [Idaho], 65 Pac. 710; *Kennebunck Port v. Smith,* 22 Maine 445; *Evans v. Erie County,* 66 Pa. St. 222; *Johnson v. Black,* 103 Va. 477; *Metropolitan R. R. v. Dist. of Columbia,* 132 U. S. 11-12; *Boone v. Burlington R. R.,* 139 U. S. 693. See also 19 Am. & Eng. Ency. of Law [2d Ed.], p. 191; *Ogden City v. Bear Lake R. W. W. & I. Co.,* 16 Utah 453; *Ogden City v. Water Works Co.,* 28 Utah 42.) The statute of limitation applies to actions brought by or for the State in the same manner as to actions by private persons (Compiled Laws of

Utah, secs. 2856-2884.)  No distinction is found in most of the decisions, under such a statute, between the actions brought in the State's sovereign capacity and those brought in its private capacity; but all are alike held to be within its terms.  (*Schneider v. Hutchinson* [Ore.], 57 Pac. 324; *Directors v. George*, 50 Mo. 194; *Green v. Irving*, 54 Miss. 450; *People v. Rector Trinity Church*, 22 N. Y. 44; *Wyatt v. Tisdale*, 97 Ala. 594, 12 So. 233; *Price v. Jackson*, 91 N. C. 14; *Atty.-Gen. v. Cooper Co.*, 152 Mass. 447, N. E. 605.)

As the exemption of the municipal corporation is based upon the exemption of the sovereign, it would seem that the waiver by the State extends to its creature.  But there is a line of authority, as in California, holding that such statutes have no application concerning property held by the State without power of alienation—that is to say, for public purposes only.  (*Hoadley v. San Francisco*, 50 Cal. 265; *People v. Pope*, 53 Cal. 437.)

FRICK, J.

This is an action upon a covenant of warranty.  The appellant is a public corporation, and as such held, occupied, used, and sold the premises hereinafter referred to.  The evidence tended to establish that the premises in question for many years had been used for public school purposes, but that for ten or fifteen years immediately preceding the transactions involved in this case they had been abandoned for such purpose for the reason that they were more suitable for other purposes, and were held for sale by appellant, and were finally sold by it, as will more fully appear hereafter. The additional facts necessary to a full understanding of the points raised by appellant are fairly reflected in the findings of the court, as follows:  That on the 1st day of July, 1905, the appellant, for a valuable consideration, sold, and by warranty deed conveyed to one Fred A. Rosenfeld, certain particularly described real estate in Salt Lake City; that said deed was in statutory form, and in which the

grantor covenanted that it was lawfully seized; that it had good right and authority to convey; that the premises were free from incumbrances, and it warranted the title as against claims generally; that thereafter on the 3d day of July, 1905, the said Rosenfeld, by warranty deed, duly conveyed the premises in question to the respondent; that at the time the premises were conveyed by appellant to Rosenfeld there was situated on the westerly end thereof a portion of a two-story brick building, covering a space of ten and one-half by sixteen feet, which building was claimed and occupied by a certain corporation; that the premises had been used, held, and occupied by said corporation "continuously, openly, notoriously, peaceably, and adversely against all the world, under claim of right for more than twenty years next preceding the 1st day of July, 1905, for educational and charitable purposes;" that said building had been erected more than twenty years prior to the 1st day of July, 1905, and had stood upon the place mentioned above during all of said time; that during all of said time no taxes had been assessed or levied for any purpose against said building or ground upon which said building was standing; that on the 12th day of February, 1906, the respondent negotiated a sale of the premises conveyed by appellant to Rosenfeld, and by him conveyed to respondent, to one Doyle, but that said Doyle refused to complete his purchase of and to accept the property aforesaid, without the relinquishment of the right of the corporation aforesaid to the portion of the premises upon which said building stood, and of which said corporation was in possession and occupation, as aforesaid; that said corporation claimed title and right to said premises by prescription; that the respondent, in order to make and complete the sale of said premises to Doyle, and to clear the same from the claim of said corporation, was compelled to pay and did pay to said corporation the sum of $150, for the relinquishment of its right and claim in and to said premises, after which payment said corporation relinquished its right to the same to Doyle; that said sum

of $150, so paid as aforesaid, was reasonable; that in negotiating and in procuring the relinquishment aforesaid from said corporation, respondent was necessarily required to employ an attorney, and the services rendered by him were of the reasonable value of $75; that respondent duly notified the appellant of the claim of said corporation to the portion of the premises aforesaid, and demanded from appellant that it comply with its covenants of warranty, which appellant refused to do; that the respondent before the bringing of this action demanded of appellant the said sums of $150 and $75 paid by respondent as aforesaid. Upon the foregoing facts the court based its conclusions of law that respondent was entitled to judgment for the sum of $225, and entered judgment accordingly, from which this appeal is prosecuted.

Counsel for appellant have limited their argument to two questions: (1) That the finding of adverse possession is not supported by the evidence; and (2) that, although it be held that the finding is so supported, the doctrine of acquiring title by adverse possession or by prescription is not applicable to the facts in this case. It is therefore asserted that the appellant is not liable to respondent as for a breach of the covenants of warranty. As to the first proposition, it is asserted that the evidence discloses that the officers of the corporation which was in possession of the portion of the ground did not claim any right or title to the premises on behalf of such corporation, that the possession was a mere passive one, and that such a possession was not sufficient to enable said corporation to acquire title by adverse possession or prescription. It may be conceded that a mere passive possession, without intending to claim the property, is insufficient, regardless of the length of time such a possession continues, or however open, notorious, or exclusive it may have been. This is so because such a possession is not adverse to the rights and title of the real owner. It is not the mere possession that determines the rights of the parties, but it is the character of the possession

that controls. But how is the character of the possession to be determined? It cannot always be determined from the declarations of the party in possession, because he may not make any, nor are his declarations always conclusive as against one claiming under him. Whenever the possession is of such a character that ownership may be inferred therefrom, then the possession ordinarily may be presumed to be hostile to the rights of the true owner; that is, if a party places permanent structures upon the land belonging to another, and uses the land and structures the same as an owner ordinarily uses his land, then, in the absence of something showing a contrary intention, a claim of ownership may be inferred in favor of the party in possession. The controlling facts in this case are that the corporation which was in possession built a permanent structure upon that portion of the land in question in 1883, and continuously used and treated the land and structure as its own. Moreover, when the respondent directed the attention of the corporate officers to the fact that the building encroached upon respondent's land, they did not admit that the corporation was a trespasser and had no rights in the premises. True, they did not, in so many words, declare that the corporation claimed and held an undisputable title to the strip of ground, but they did in effect say that they desired to defend whatever claim the corporation might have acquired by virtue of its possession and use of the building and ground upon which it stood. Further, the officers of the corporation clearly indicated a claim of right by asking compensation for removing that part of the building extending onto respondent's land. By doing this they virtually denied that the corporation was a trespasser, and this declaration necessarily implied that the corporation was in possession under some claim of right. If the corporation claimed no rights in the premises, then it was a mere trespasser, and was committing a wrong by remaining in possession of land belonging to another. By demanding compensation, the corporation disputed the rights of respondent and made a claim

to the premises which could only have been settled amicably by the parties, or in a court of justice in the same way that all disputes are ultimately adjusted. In view of all of the facts and circumstances, the finding of the trial court that the corporation had acquired title by adverse possession or prescription was, in our judgment, justified in view of the ruling announced by this court in *Toltec Ranch Co. v. Babcock,* 24 Utah 183-191, 66 Pac. 876. The facts, we think, also bring the case within the doctrine announced in the following cases: *Talbert v. Singleton,* 42 Cal. 395; *Wolf v. Baldwin,* 19 Cal. 314; *Conyers v. Kenan,* 4 Ga. 308, 48 Am. Dec. 226; *Dean v. Goddard,* 55 Minn. 290, 56 N. W. 1060; *Hamilton v. West,* 63 Mo. 93.

The claim that the parties finally settled for an amount less than the actual value of the strip of land, even if conceded, is not necessarily controlling. This fact, if it be a fact, was merely a circumstance to be considered by the court in connection with all the other facts in the case. The corporation could relinquish its claim for any amount which was satisfactory to it, regardless of the true value of the land, and regardless of the character of its title. The fact that the corporation claimed a right in and to property which it would not relinquish except for a valuable consideration was one of the material elements in the case. The other and controlling element was whether the claim of the corporation to the premises in question was of such a character that it could, under the law, successfully resist the claims of all others to the strip of ground of which it was in actual possession. In view of the fact that this is a law case, and that all the findings of the court are supported by both facts and inferences, we are not authorized to disturb the findings.

With regard to the second contention, it is asserted that, although it be conceded that both the time during which and the character of the possession were sufficient when applied to real property generally, nevertheless the doctrine of adverse possession has no application because the property

in question was held by appellant as a public corporation, for a public use, namely, for school or educational purposes. It may be conceded that, as a general rule, adverse or prescriptive rights cannot be acquired as against the sovereign, and further that the ordinary statutes of limitation, unless they contain some express provisiom to that effect, are ordinarily held not to apply as against a sovereign State. It is further held by some courts that, where they do not apply against the sovereign, they do not apply as against governmental agencies, in so far as such statutes are attempted to be invoked in matters pertaining to governmental duties or affairs. By other courts it is held that statutes of limitation do apply against governmental agencies such as cities, towns, counties, and other public corporations, although such statutes may not apply as against the sovereign State itself. But it is not necessary either to review the authorities, or to determine which one among the various rules adopted by the courts is the most reasonable, in view that the whole matter is regulated by the statutes of this State, as we construe them. Section 2856, Comp. Laws 1907, in substance provides that the State is barred from bringing an action for the recovery of real property claimed by it, unless such action is commenced with seven years. Section 2884 provides that the limitations which apply to actions generally also apply as against the claims of the State. If therefore the statutes of limitation, both with regard to actions for the recovery of real property and the vindication of any other right, are expressly made applicable as against the sovereign State, then there would seem little room left for the contention that such statutes do not also apply as against the agencies of the State. But here again the Legislature has spoken. Section 2866x provides that:

"No person shall be allowed to acquire any right or title in or to any lands held by any town or city, or the corporate authorities thereof, designated for public use as streets, lanes, avenues, alleys, parks, public squares, or for other purposes, by adverse possession thereof for any length of time whatsoever."

In enacting the foregoing sections, the Legislature apparently made an exception in favor of towns and cities, but limited the exception to property devoted to the particular purposes named. The phrase "or for other purposes," under familiar rules of construction, must be limited to things *ejusdem generis* with the property specially named; that is, of the same class or kind. (*Nephi Plaster & Mfg. Co. v. Juab County,* 33 Utah 114, 93 Pac. 53, 14 L. R. A. [N. S.] 1043.) Even as to the cities and towns therefore the exception only applies to property which is devoted to a special public use. It has frequently been held that an interference with or encroachment upon property devoted to such a use would constitute a nuisance, and for that reason many courts have held that prescriptive rights cannot be acquired thereto or therein. See 2 Dillon, Mun. Corp. (4 Ed.), secs. 669-675, where the doctrine is fully discussed. It is obvious, however, that cities and towns may hold real property not specially devoted to public use, and therefore may hold it in a capacity not necessarily governmental. To property so held the exception does not apply. That a public corporation may hold property in the nature of a private, as well as in a governmental, capacity, is a well-recognized doctrine, and has been adopted by this court. (*Odgen City v. Bear Lake, etc., Co.,* 16 Utah 453, 52 Pac. 697, 41 L. R. A. 305; *Ogden City v. Waterworks Co.,* 28 Utah 42, 76 Pac. 1069; *Brown v. Salt Lake City,* 33 Utah 222, 93 Pac. 570, 14 L. R. A. [N. S.] 619.) If we should assume, however, that the appellant held the title to property which is exclusively devoted to public school purposes, in a governmental capacity, yet, in view of the facts of this case, the property in question could not be held to come within the class of such property, because it was not so held. Under the authorities last above cited, the property in question would fall within the class which is said to be held in a capacity other than a governmental one. The property in question was not, and for many

years had not been used for public school purposes; but the school formerly conducted thereon had been abandoned, because in the opinion of appellant it was no longer suitable for school purposes, and was held for sale as business property.

Under such circumstances, it would seem that, if the property had been owned by a city, the statute of limitations would apply, because the character of the property was not of the class which is excepted by the section above quoted. If therefore the statute of limitations would apply as against a town or city, it must necessarily follow that it also applies as against appellant as a public corporation. While the title to the property was held by appellant for the benefit of the public, the property, nevertheless, was not devoted to a public use in the sense that it was held in a governmental capacity. Property held in such a capacity may not be sold and conveyed by the body holding the title, but must be devoted to the uses and purposes for which it is intended. This, however, is not the case with regard to property held for sale, or which is not devoted to any special public use. Such property may be sold and conveyed by the corporation at any time as it is not held in a governmental capacity. If therefore it were held to be the law in this jurisdiction (a question we do not decide) that the statute of limitations cannot be invoked with regard to real property which is held by appellant as a public corporation, while such property is actually used for public school purposes, it nevertheless cannot be held, under the facts in this case, that the statute cannot be invoked as against appellant with regard to the property in question, because the property was not, and for many years had not been, used for such purposes, but was held merely for sale when an opportunity to sell arose, and when the amount offered therefor was satisfactory to appellant.

In view of our statutes upon the subject, and for the reasons above stated, the authorities cited by counsel for appellant have no application, and we need not further consider them.

We are of the opinion that the judgment, in view of the findings of the court, is the only one that could have been rendered, and it is therefore affirmed; respondent to recover costs.

STRAUP, C. J., and McCARTY, J., concur.