341 P.2d 424

LeRoy R. CLARK et al., Plaintiffs and Appellants,

v.

James T. EREKSON et al., Defendants and Respondents.

No. 9005.

Supreme Court of Utah.

July 8, 1959.

1. Candland v. Oldroyd, 67 Utah 605, 248 P. 1101.

Joseph S. Knowlton, Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for appellants.

Moffat, Iverson & Elggren, Salt Lake City, for respondents.

WADE, Justice.

This appeal is from findings and judgment of the District Court that a public road extended over a portion of the property claimed by appellants, plaintiffs below, in a suit to quiet title.

The court as the trier of the facts found that a lane known as Erekson's Lane is a public road extending from Vine Street south to 59th South which meanders along an irregular route, and that the west and east boundary lines of the parties to this action abutted this road. The court further found that this road as it passes the north boundary of appellants' property is 50 feet wide for a distance of 40 feet and then narrows to only a width of 40 feet for the remainder of the distance in dispute. The court also found that for approximately 30 years appellants and their predecessors in interest had encroached upon this public road by placing fences, buildings, trees and shrubberies thereon. The court thereupon entered a decree quieting appellants' title except to the public road described above abutting their west boundary line and ordered appellants to remove the encroachments thereon.

It is appellants' contention that the evidence fails to support the court's finding that Erekson's Lane is a public road and that it is 50 feet wide in part and 40 feet wide in part. We do not agree.

There was testimony by witnesses, some of whom could remember back to 1890, that Erekson's Lane had been used by the general public either walking or riding in wagons and later in automobiles. The road was being constantly used by people either to go to church, or to fish in Little Cottonwood Creek through which the lane passed or as a short cut north between 59th South and Vine Street. There was no evidence that permission was sought or given by anyone to use this road. On the contrary, abstracts of title of the properties of the parties to this suit show that even before patent issued by the United States in deeds given by their predecessors in interest the beginning points of the properties conveyed were described as being in the center of a north and south county road. This evidence is sufficient to establish a dedication of the road by user under the provisions of Section 27-1-2, U.C.A.1953, the evidence being uncontradicted that Erekson's Lane was being used as a highway by the public generally for more than 10 years.[1] Also, from the descriptions in the conveyances before patent issued it is probable that Erekson's Lane was dedicated as a public highway under the provisions of 43 U.S.C.A. § 932, which granted the right of way for public highways over public lands not reserved for public uses by continuous use by the public for a sufficient length of time to indicate an intention of the public to accept the grant. However, it not being necessary, we do not decide the sufficiency of the evidence to justify a finding of dedication of the road before patent issued since the evidence is sufficiently clear of a dedication by user under our Section 27-1-2, U.C.A.1953.

■ There is also no merit to appellants' contention that there is insufficient evidence to support the court's finding as to the width of the road. There was testimony by a 70-year-old witness who had lived in the neighborhood practically all of his life that he could remember from about 1890 as he came from 59th South to Erekson's Lane that Erekson's Lane was at least 50 feet wide from the Creek all the way north to Vine Street. Also the evidence was uncontradicted that the garage, trees, fences and shrubberies were not placed in their present location until approximately 30 years before the commencement of this action and long after Erekson's Lane was dedicated as a public highway by user. Since under provisions of Section 27-1-3, U.C.A.1953 a public highway can only be abandoned by an order of the county commissioners or other competent authority, appellants could not have obtained any rights by adverse user. Under all the facts and circumstances disclosed by the record the evidence was sufficient to sustain the

1. Boyer v. Clark, 7 Utah 2d 395, 326 P.2d 107.

court's findings and its order that the obstructions be removed.

Affirmed. Costs to respondents.

CROCKETT, C. J., and McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, J., does not participate herein.