347 P.2d 834

**Ed CASSITY, Plaintiff and Appellant,**

**v.**

**J. J. CASTAGNO, Defendant and Respondent.**

No. 8794.

Supreme Court of Utah.

Dec. 18, 1959.

Milton A. Oman, Salt Lake City, for appellant.

Franklin Riter, Salt Lake City, for respondent.

McDONOUGH, Justice.

This dispute concerns cattlemen who are brothers-in-law. Each has received an injunction prohibiting the other from trespass. From the adverse injunction plaintiff appeals.

Each party owns (or leases) grazing lands in the Tooele Valley area of Tooele County. More specifically, the lands are between highway U. S. 40 and Great Salt Lake, in the neighborhood of Stansbury Island. The land which plaintiff uses for grazing his cattle is incompletely enclosed by fences and natural barriers. Through one corner of the spread is a gap in the fence approximately a mile wide. Plaintiff herds his cattle along a trail through the gap to and from Stansbury Island. Both plaintiff and defendant use Stansbury Island as a winter grazing land. Defendant owns the land in the gap as well as certain less valuable lands inside the fenced-in area. The defendant occasionally cuts hay from some of this land to feed his cattle, which he grazes on lands outside the scope of this appeal. The remaining land apparently serves no commercial purpose now, though defendant hopes to produce some flowing wells to develop this property as pasturage and grazing land.

The plaintiff sued for an injunction to restrain the defendant from trespass upon plaintiff's land. The defendant counterclaimed for an injunction to restrain plaintiff from trespass upon defendant's land. The plaintiff cross-filed, asserting prescriptive easements and water rights upon defendant's land.

On appeal, plaintiff contends: (1) He has a prescriptive easement across the lands that block the route to Stansbury Island for trailing cattle; (2) he has appropriated the water in certain nonflowing water holes in the gap along the Stansbury trail and may therefore trail his cattle to these waters. Plaintiff also appeals on certain grounds which were not presented to the court below and will therefore be disregarded on appeal.

We shall discuss the plaintiff's points in order.

1. Prescriptive easement to trail cattle to Stansbury Island.

[1] Proof that the land was owned by the government at any time during the prescriptive period is usually a sufficient defense to a claim of right by adverse use. One may not adverse the sovereign. Lund v. Wilcox, 34 Utah 205, 97 P. 33.

[2] The prescriptive period for adverse creation of an easement in Utah is twenty years. Lunt v. Kitchens, 123 Utah 488, 260 P.2d 535.

[3] Since the land in question was owned by the federal government within the twenty years prior to the filing of defendant's counterclaim, the plaintiff has failed to establish a prescriptive easement across most of these lands. Plaintiff contends that some of these lands do not come within this rule. He urges that the rule, "one may not adverse the sovereign," does not apply if the landowner or his predecessor in interest entered the land under the Homestead Law before the prescriptive period began, even though the homesteader does not receive patent until after the period began

This court has held to the contrary, at least absent proof that the homesteader was entitled to patent at some time before the prescriptive period began. Lund v. Wilcox, supra. Compare Minersville Land & Livestock Co. v. Staten, 7 Utah 2d 331, 325 P.2d 260. The plaintiff offered no proof that defendant was entitled to patent before he received it.

[4] While apparently the point was not presented to the court below, the plaintiff asserts that the trail to Stansbury Island constitutes a public highway under 43 U.S. C.A. § 932. See Jeremy v. Bertagnole, 101 Utah 1, 116 P.2d 420; Boyer v. Clark, 7 Utah 2d 395, 326 P.2d 107. The evidence does not support his contention.

2. Water rights.

Since appellant's sole use and diversion of the water in the water holes was for

watering his cattle at the holes, his right to the water is dependent upon the question of whether this constitutes a valid appropriation. To support his contention that it does, he relies upon Adams v. Portage Irrigation Reservoir & Power Co., 95 Utah 1, 72 P.2d 648, rehearing denied 95 Utah 20, 81 P.2d 368.

The trial court on conflicting evidence as to the nature of the water involved and the manner of its use found against the contentions of the plaintiff. Upon our review of the record it does not appear that the evidence is such as to compel a finding that plaintiff Cassity has established either right to use the water; or a right of access thereto. Under well-settled principles the findings will not be disturbed; Kartchner v. Horne, 1 Utah 2d 112, 262 P.2d 749.

The plaintiff contends that the trial judge erred in finding that certain land belonged to defendant. The defendant concedes the error. The trial judge is directed to correct the decree in conformity with this concession. We have examined plaintiff's other assignments of error. In view of the conclusions reached on those discussed, we deem them without merit.

Except as noted, the trial court is affirmed. Costs to defendant (respondent).

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.