506 P.2d 54

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Respondent,

v.

COX CORPORATION, Defendant and Appellant,

Salt Lake City Corporation, Defendant and Respondent.

No. 12924.

Supreme Court of Utah.

Feb. 2, 1973.

128

Nielsen, Conder, Hansen, & Henriod, Robert F. Orton, Earl Jay Peck, Salt Lake City, for Cox Corp.

Vernon B. Romney, Atty. Gen., John S. McAllister, Asst. Atty. Gen., Salt Lake City, for the State.

Jack L. Crellin, City Atty., Ray L. Montgomery, Asst. City Atty., Salt Lake City, for Salt Lake City Corp.

ELLETT, Justice:

This is an action brought by the Utah State Road Commission to condemn a parcel of land 150 feet by 40 feet for construction of a highway. The Cox Corporation claims the land, while Salt Lake City, a municipal corporation, claims that it owns .061 of an acre and that the Cox Corporation owns only the remaining .077 of an acre.

The trial court granted summary judgment to Salt Lake City for the land it claimed, and the Cox Corporation has appealed.

The facts are not disputed. Cox now has and since October 14, 1919, has had record title to the parcel of land, and it claims that the Marketable Record Title Act gives it the legal title to the property. It relies upon that part of Section 57–9–1, U.C.A.1953 (Replacement Vol. 6), which reads:

Any person having the legal capacity to own land in this state, who has an unbroken chain of title of record to any interest in land for forty years or more, shall be deemed to have a marketable record title to such interest . . .

The appellant does not quote the entire sentence in its brief. It omits the remainder, which is:

. . . as defined in section 57–9–8, subject only to the matters stated in section 57–9–2.

Section 57–9–2 so far as material provides:

The marketable record title shall be subject to:

\* \* \* \* \* \*

(2) All interests preserved by the filing of proper notice or by possession by the same owner continuously for a period of forty years or more, in accordance with section 57-9-4.

\* \* \* \* \* \*

Section 57-9-4 insofar as it applies to this case states:

(1) Any person claiming an interest in land may preserve and keep effective such interest by filing for record during the forty-year period immediately following the effective date of the root of title of the person whose record title would otherwise be marketable, a notice in writing, duly verified by oath, setting forth the nature of the claim

. . . .

\* \* \* \* \* \*

(2) If the same record owner of any possessory interest in land has been in possession of such land continuously for a period of forty years or more, during which period no title transaction with respect to such interest appears of record in his chain of title, and no notice has been filed by him or on his behalf as provided in subsection (1), and such possession continues to the time when marketability is being determined, such period of possession shall be deemed equivalent to the filing of the notice immediately preceding the termination of the forty-year period described in subsection (1).

Salt Lake City constructed a canal 30 miles long in 1880 at a cost of approximately one quarter of a million dollars. For the entire length of the canal the City secured a right of way 66 feet in width except across the property in question. Due to some sort of an error, the deed which Salt Lake City received on February 22, 1881, did not grant the full width of 66 feet. The width of the canal across this property varies from 18 to 30 feet.

When the canal was being constructed, dirt was piled on both banks and has at all times since been and now is between three and four feet higher than the surrounding land and extends not less than 10 feet back from the edges of the canal. The City has been in continuous possession of the canal for over 90 years and has transported water which has been used to irrigate farm lands in Salt Lake County. The City traded the water thus delivered for the rights to culinary water flowing out of the canyons on the east side of Salt Lake Valley. At all times it has maintained the canal, and in doing so has made use of the land on both sides thereof.

Cox Corporation contends that Salt Lake City cannot have any prescriptive rights over the land for the reason that its possession has not been hostile and it has not paid any taxes on the land.

 Hostile possession does not require violence or bloodshed. This matter was settled in the case of Pioneer Investment & Trust Co. v. Board of Education, 35 Utah 1, 8, 99 P. 150, 151 (1909). It was there said:

. . . Whenever the possession is of such a character that ownership may be inferred therefrom, then the possession ordinarily may be presumed to be hostile to the rights of the true owner; that is, if a party places permanent structures upon the land belonging to another, and uses the land and structures the same as an owner ordinarily uses his land, then, in the absence of something showing a contrary intention, a claim of ownership may be inferred in favor of the party in possession . . . .

As to the payment of taxes, Section 78–12–12, U.C.A.1953, provides:

In no case shall adverse possession be considered established under the provisions of any section of this Code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and that the party, his predecessors and grantors have paid all taxes which have been levied and assessed upon such land according to law.

The requirement for paying taxes was first enacted in 1888.[1]

This court in the case of Rydalch v. Anderson, 37 Utah 99, 106 and 107, 107 P. 25, 28 (1910), had this to say about the need to pay taxes as a condition of establishing title by adverse possession:

. . . Prior to the time when the statute in question went into effect, 7 years' adverse possession without the payment of taxes was sufficient to acquire title to real property in this state . . . . This doctrine is confessedly sound, if for no other reason than the one that when the statute in force prior to 1888 had fully run, the right to the property held by adverse possession became a vested right, which could not be affected by a subsequent change of the law . . . .

It thus appears that Salt Lake City had acquired title by adverse possession before the statute was enacted requiring the payment of taxes as a condition of obtaining the title to the land.

We are of the opinion that the trial court did not err in ruling as it did, and we, therefore, affirm the judgment. Costs are awarded to Salt Lake City against the appellant.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

---

1. C.L.U. 1838, Section 3137.