William AVERETT and Marie A. Averett, Plaintiffs and Appellants,

v.

UTAH COUNTY DRAINAGE DISTRICT NO. 1, a corporation, Defendant and Respondent,

Intermountain Power Agency, Intervenor.

No. 880239–CA.

Court of Appeals of Utah.

Oct. 26, 1988.

---

Allen K. Young, Springville, Michael J. Petro, Aldrich, Nelson, Weight & Esplin, Provo, for plaintiffs and appellants.

David D. Jeffs (argued), Jeffs and Jeffs, Provo, for defendant and respondent.

M. Byron Fisher, Salt Lake City, for Intermountain Power Agency.

Before BILLINGS, BENCH and ORME, JJ.

BILLINGS, Judge:

Appellants, William and Marie Averett, appeal from the trial court's dismissal of their action to quiet title through adverse possession to two acres of land. The trial court determined respondent, the Drainage District, held the land for public use and, therefore, the Averetts could not acquire title by adverse possession. Alternatively, the trial court concluded the Averetts failed to prove they had acquired title by adverse possession. We affirm.

The Drainage District was established pursuant to state statute on November 4, 1918. During 1919 and 1920, the Drainage District constructed an open ditch to drain water from the properties within the district's boundaries.

On July 31, 1934, the Packards deeded the two-acre tract of land upon which the ditch is located to the Drainage District. The deed was recorded on April 3, 1935. The tract of land, which is the subject of this dispute, is approximately 66 feet wide. The width of the ditch varies from 20 to 30 feet.

On April 30, 1968, the Williamsons deeded approximately 20 acres of farmland adjoining the Drainage District tract to Marie Averett. The deed was recorded on May 1, 1968. The land description in the deed excluded:

> that portion of the above described property sold to Utah County Drainage District No. 1, a corporation, by Warranty Deed dated July 31, 1934, executed by Chillian F. Packard and Phoebe S. Packard, his wife, recorded April 3, 1935, as Entry No. 3091, in Book 316, Page 50 records of Utah County, Utah.

The Averetts subsequently sold the west half of the 20 acres while retaining the east 10.19 acres.

The Intermountain Power Agency (IPA) eventually condemned the Averetts' east acreage including the 2 acre tract deeded to the Drainage District. This dispute ensued. The Drainage District claimed it held title under the 1934 deed from the Packards. The Averetts claimed they had acquired title by adverse possession. The parties stipulated that, pending resolution of the ownership dispute, IPA would tender $30,000 into court as compensation for the taking.

After hearing evidence concerning title to the tract, the judge quieted title in the Drainage District. The trial court held that the Drainage District had used the land for a public purpose and thus the Averetts could not acquire title to the land by adverse possession. Alternatively, the court found the Averetts failed to prove the elements of adverse possession. Accordingly, the trial court ordered the funds tendered by IPA paid to the Drainage District. Because of our ruling, we need only address the issue of whether the Drainage District held the subject property for a public purpose thereby precluding the Averetts from acquiring title by adverse possession.

## PUBLIC PURPOSE

■ Generally, property held by municipalities or other statutorily defined govern-

mental entities cannot be acquired by adverse possession, at least insofar as the property is held for public use. *See, e.g., United States v. Hato Rey Bldg. Co., Inc.,* 660 F.Supp. 1340, 1346–47 (D. Puerto Rico 1987); *City of Benton City v. Adrian,* 50 Wash.App. 330, 748 P.2d 679, 683 (1988). Consistent with this proposition, Utah Code Ann. § 78–12–13 (1987) provides in pertinent part, with our emphasis:

> No person shall be allowed to acquire any right or title in or to any lands held by any town, city or county, or the corporate authorities thereof, designated for *public use* as streets, lanes, avenues, alleys, parks or public squares, or for any other public purpose, by adverse possession thereof for any length of time whatsoever. . . .

Further, Utah Code Ann. § 19–4–4 (1987) provides "[T]he use of any canal, *ditch,* or the like, created under the provisions of this act, shall be deemed a public use and for a public benefit." *Id.* (emphasis added). Additionally, "[a] drainage district is one form of municipal corporation." *Elkins v. Millard County Drainage Dist.,* 77 Utah 303, 318, 294 P. 307, 313 (1930). *See State v. Blake,* 88 Utah 584, 595–96, 20 P.2d 871, 875 (1933).

■ The Drainage District is a municipal corporation which held the ditch and the immediately adjacent two acres for public use thereby precluding the Averetts from acquiring title by adverse possession. The record supports, and the trial court found, that the Drainage District continuously used and maintained the drainage ditch since its construction, sometime in 1920. Thus under section 78–12–13, title cannot be acquired by the Averetts.

■ The Averetts attempt to circumvent this conclusion by arguing the Drainage District abandoned its public use of the property. Abandonment is the relinquishment of property rights with the intent to terminate ownership. *See Hammond v. Johnson,* 94 Utah 20, 66 P.2d 894, 899 (1937). "In this connection, the word 'abandon' has been held to mean 'to desert or forsake.'" *Id.*

The trial court found the Drainage District did not intend to abandon nor did it abandon its public use of the subject property. On appeal, we will not disturb the trial court's factual findings unless they are "clearly erroneous." Utah R.Civ.P. 52(a).

The record contains no evidence that the Drainage District intended to relinquish its public use of the ditch and surrounding land. Indeed, there is evidence suggesting the Drainage District maintained the land although admittedly the extent of such maintenance is unclear.

In a further attempt to circumvent the trial court's judgment, the Averetts argue that because the entire area adjacent to the ditch is not necessary for the operation of the ditch, they should be able to adversely acquire title to the unused portion.

As a general rule, if the ownership of property falls outside the government's primary area of usage, this in itself does not convert the character of the government's public use. *Cf. Commercial Waterway Dist. v. Permanente Cement Co.,* 61 Wash.2d 509, 379 P.2d 178, 181 (1963) (waterway held in trust for public was not subject to adverse possession despite the fact the subject property was not being used as a regular waterway, was outside presently dredged channel, and there was no foreseeable plan to use it). *See also Martin v. City of Stockton,* 39 Cal.App. 552, 179 P. 894 (1919). In this regard, the trial court specifically found that the "entire subject property was reasonably necessary for the use and maintenance of [the Drainage District's] open drainage district."

By way of summary, we hold that the Drainage District held the land for public use thereby precluding the Averetts from procuring title by adverse possession. Furthermore, we uphold the trial court's findings that the Drainage District did not

abandon the public use of the property and that the entire two acres were reasonably necessary to maintain and operate the ditch.

We affirm the trial court's dismissal of the Averetts' complaint and the awarding of the disputed funds to the Drainage District.

BENCH and ORME, JJ., concur.